PER CURIAM.
McDaniel appeals from the summary denial of his motion for postconviction relief filed pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. We affirm in part, reverse in part, and remand for further proceedings.
Of the five allegations raised in McDaniel’s motion, only one has arguable merit. McDaniel contends that his trial counsel was ineffective for failing to object to or move to suppress two in-court identifications of him as the perpetrator of the crime for which he was convicted. Specifically, McDaniel claims that his trial counsel was aware of an impermissibly suggestive pretrial “show up” which tainted the in-court identifications. McDaniel further states that these identifications were “at the heart” of the state’s case against him. Although the trial court attached portions of the record to its order denying the motion, none of the attachments refute this allegation.
Accordingly, we reverse that portion of the denial of McDaniel’s motion and remand the case to the trial court for further consideration. Unless the case files and records conclusively show that McDaniel is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should again deny the motion, McDaniel will have thirty days in which to appeal. The trial court’s denial of McDaniel’s other allegations is affirmed.
RYDER, A.C.J., and FRANK and PARKER, JJ., concur.