625 So.2d 883 (1993)
Mack Leonard JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3404.
District Court of Appeal of Florida, First District.
October 4, 1993.
Rehearing Denied November 17, 1993.
*884 Mack Leonard Jenkins, appellant pro se.
Robert A. Butterworth, Atty. Gen., Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant seeks review of an order which summarily denied his motion for post-conviction relief, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm in part, and reverse in part.
Appellant finds fault with the trial court's summary denial of his request seeking relief upon the following grounds: (1) suppression by the state attorney of evidence which might have been used to impeach one of the state's witnesses; (2) failure to reinstruct the jury regarding reasonable doubt; (3) insufficiency of the evidence to establish appellant's guilt beyond a reasonable doubt; and (4) ineffective assistance of trial counsel.
We agree with the trial court that the first three grounds all involve issues which could have been raised on direct appeal and, therefore, may not be presented in a collateral proceeding. E.g., Muhammad v. State, 603 So.2d 488 (Fla. 1992). Accordingly, we affirm the trial court's summary denial of appellant's motion for post-conviction relief to the extent that it was based upon those three grounds.
Appellant asserted in the trial court that his counsel was ineffective for a number of reasons. We agree with the trial court's decision as to the majority of the asserted reasons. However, we conclude that two were not properly susceptible to summary denial.
Appellant asserted that trial counsel was ineffective because he failed to consider a voluntary intoxication defense despite knowledge that appellant had a history of alcoholism and cocaine addiction; and evidence that appellant was under the influence *885 of both drugs at the time of the offense, which is a specific intent crime. Such allegations are sufficient to require either an evidentiary hearing or attachment of portions of the record refuting them. E.g., McCoy v. State, 598 So.2d 169 (Fla. 1st DCA 1992).
Appellant also asserted that trial counsel was ineffective because he failed to object to impermissibly suggestive out-of-court and in-court identification procedures. Such allegations are, likewise, sufficient to require either an evidentiary hearing or attachment of portions of the record refuting them. See, e.g., McDaniel v. State, 523 So.2d 1225 (Fla. 2d DCA 1988).
We reverse the trial court's order to the extent that it summarily denied appellant's motion seeking relief for ineffective assistance of counsel based upon alleged failure to consider a voluntary intoxication defense and failure to object to impermissibly suggestive out-of-court and in-court identification procedures. On remand, the trial court is directed either to conduct an evidentiary hearing addressed to such allegations, or to attach to its order portions of the record refuting them. In all other respects, the trial court's order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, WEBSTER and MICKLE, JJ., concur.