673 So.2d 119 (1996)
Andre J. POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3761.
District Court of Appeal of Florida, Fourth District.
May 8, 1996.
*120 Andre Jerome Powell, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's denial of appellant's rule 3.850 motion and remand with alternative direction; namely, either to (1) attach to the record such exhibits which conclusively establish trial counsel was not ineffective for his failure to strike Juror Benner, or (2) conduct an evidentiary hearing on that sole issue. None of appellant's remaining claims reflect error.
The trial court chose to attach to its order only the state's response to appellant's motion. Exhibit B to that response included only pages 79, 80 and 81 of the transcript with respect to the issue of Juror Benner. The first page starts in mid-thought and the last page ends in mid-sentence.
We reject appellant's claim that Juror Benner sat with a fixed opinion as to appellant's guilt. Appellant makes the oft repeated mistake of quoting only a portion of the above three pages which disproves that notion.
Nevertheless, the above three pages do not eliminate the impression in the juror's answers as to his inability to refrain completely from prejudging appellant.
[DEFENSE COUNSEL]: What do you think about that?
[JUROR] BENNER: There has to be a possibility. They wouldn't just pick someone off of the street for a crime. I think there is a possibility that he did it or he wouldn't be here.
....
[DEFENSE COUNSEL]: What about it? Tell us about it.
[JUROR] BENNER: I think a lot of times like in a criminal case is that someone, if they're found not guilty it's not for the fact that they're not guilty it's that that's a technicality. I think a lot of times he wouldn't be here unless there was a good possibility that he did do the crime.
[DEFENSE COUNSEL]: Let's suppose after all the evidence you look at it and you say to yourself there is a good possibility he did this crime.
....
[JUROR] BENNER: I'm saying in general, I think anyone brought to trial there's a good possibility.
The dialogue between defense counsel and the juror as to his view of reasonable doubt after the close of the state's evidence was as follows:
[DEFENSE COUNSEL]: But in this case, at the end of the State's case you say to yourself, in my mind more likely than not he did this. There are doubts, okay. But in your mind, more likely than not, in your mind is that sufficient for you to convict him?
[JUROR] BENNER: Are talking like fifty-one percent?
[DEFENSE COUNSEL]: Let's try fifty one percent. What if he's fifty-one percent guilty?
[JUROR] BENNER: No.
[DEFENSE COUNSEL]: What if it he's sixty-one percent guilty?

*121 [JUROR] BENNER: I'm not sure what the cutoff is, but he's in the nineties.

(Emphasis added).
At the end of the page 81, the transcript ends with the following remark by defense counsel to Juror Benner: "We were talking about that hundred percent...."
Because the trial court based its order solely on the above three pages, neither it nor the state can fill in the gaps for the present appeal by referring to more of the voir dire. Yet, the state argues the entire voir dire is relevant and that the trial court had the opportunity to view the proceeding. What the trial court has chosen to view for this point on appeal is the above three pages, which is insufficient to answer the question which appellant has raised.
GLICKSTEIN, WARNER and GROSS, JJ., concur.