PER CURIAM.
Appellant seeks review of the denial of his motion seeking posteonviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. He complains about the rejection of his claims that trial counsel had been ineffective because he failed to investigate, and to employ at trial, a voluntary intoxication defense; and that the trial court should have granted his pretrial motion for severance. We affirm the rejection of the latter claim without discussion. However, we reverse the rejection of the ineffective assistance of counsel claim.
Appellant’s motion presented a facially sufficient claim of ineffective assistance of trial counsel based on failure to investigate, and to employ at trial, a voluntary intoxication defense to the specific intent crimes with which he was charged. See Bartley v. State, 689 *958 So.2d 372 (Fla. 1st DCA 1997) (allegation that counsel was ineffective for failing to investigate voluntary intoxication defense to charge involving specific intent crime, despite being told that defendant was high on cocaine and alcohol at time of offense, legally sufficient to state claim for postconvietion relief); Jenkins v. State, 625 So.2d 883 (Fla. 1st DCA 1993) (allegation that counsel was ineffective because he failed to consider voluntary intoxication defense despite knowledge that defendant had history of alcohol and cocaine addiction, and evidence that defendant was under influence of both drugs at time of offense, sufficient to require eviden-tiary hearing or attachment of portions of record refuting allegations when offense was one requiring specific intent). In denying this claim, the trial court referred to portions of the record, which it said conclusively established that appellant was not entitled to relief. However, the portions of the record referred to in the order are not attached to it. Accordingly, we must reverse as to this claim only. On remand, the trial court is directed either to hold an evidentiary hearing or to attach to its order again denying relief those portions of the record which conclusively establish that appellant is not entitled to relief.
AFFIRMED IN PART; RE-VERSED IN PART; and REMANDED, with directions.
ALLEN, WEBSTER and PADOVANO, JJ., concur.