722 So.2d 933 (1998)
Robert Earl McKINNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1713
District Court of Appeal of Florida, First District.
December 21, 1998.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for appellee.
*934 WOLF, J.
Appellant challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 which claimed that defense counsel had rendered constitutionally ineffective assistance by not presenting at trial, as a defense to the specific intent crime of burglary of a structure, the defense of voluntary intoxication. We reverse because the record excerpts attached to the order denying relief do not conclusively refute the legally sufficient allegations contained in appellant's motion and sworn memorandum of law.
Appellant was found guilty by a jury of burglary of a structure and possession of burglary tools. The testimony presented by the state at trial, as shown in the record excerpts attached to the trial court's order denying relief, showed that appellant had been the only individual found by law enforcement inside a fence which had a hole cut in it and which surrounded the structure alleged to have been burglarized. The record excerpts attached to the order denying relief show that defense counsel presented no defense other than cross-examination of the state's witnesses. These record excerpts also show that the only apparent line of defense pursued by defense counsel at trial was that an unknown second individual had actually been inside the fence line attempting to break into the structure.
Appellant timely filed the subject 3.850 motion and accompanying sworn memorandum of law claiming that defense counsel had rendered constitutionally ineffective assistance by not presenting the voluntary intoxication defense at trial. In his motion, appellant alleged, based on an attached pretrial motion in limine that had been filed by defense counsel, that defense counsel had known prior to trial that one or more witnesses could have testified that appellant had smoked crack cocaine at some unspecified time in the past and that evidence of a crack pipe had been recovered at the scene of the crime. Appellant further alleged in his motion that deposition testimony from one of the detectives who investigated the case, an excerpt of which was attached to the memorandum of law, "gave some indication" that appellant had been intoxicated. Appellant also alleged in his motion that he had told both defense counsel and the detective that he had been intoxicated, he had been smoking cocaine, and he did not realize that he had wandered into the building. Finally, in his memorandum of law, appellant alleged, "if his defense attorney would have presented voluntary intoxication as a defense, with the record reflecting that witnesses were ready to testify to the defendant's intoxication, the out-come [sic] of the trial would have been different."
The trial court summarily denied appellant's motion, finding that the motion failed to state a legally sufficient basis for relief since evidence of the consumption of intoxicants prior to the commission of the crime, without any evidence that appellant had actually been intoxicated at the time of the offense, would not have been sufficient to support the defense of voluntary intoxication. The trial court also noted that the defense of voluntary intoxication would have been inconsistent with the defense presented at trial that a second individual had actually been the one attempting to break into the building.
Contrary to the trial court's finding in its order denying relief, the allegations set forth in appellant's motion and sworn memorandum of law were legally sufficient to state a colorable claim that defense counsel rendered constitutionally ineffective assistance by not presenting the voluntary intoxication defense at trial. This court has held that a defendant sufficiently pleads the deficient performance aspect of such a claim if he alleges that he either informed his attorney that he was intoxicated at the time of the offense, see Bartley v. State, 689 So.2d 372, 373 (Fla. 1st DCA 1997); Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995); Brunson v. State, 605 So.2d 1006, 1007 (Fla. 1st DCA 1992), or told his attorney that he had a history of substance abuse that, together with record evidence of his intoxication at the time of the offense, should have alerted his counsel to the possibility of such a defense. See Jenkins v. State, 625 So.2d 883, 884-85 (Fla. 1st DCA 1993); Reed v. State, 611 So.2d 48, 49 (Fla. 1st DCA 1992); McCoy v. State, 598 So.2d 169, 170-71 (Fla. 1st DCA 1992); *935 Price v. State, 487 So.2d 34, 34-35 (Fla. 1st DCA 1986). Appellant's allegations meet the requirements previously set by this court. Appellant also sufficiently pled the resulting prejudice aspect in his sworn memorandum of law where he said that if his defense attorney would have presented voluntary intoxication as a defense, with the record reflecting that witnesses were ready to testify to the defendant's intoxication, the outcome of the trial would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)(requiring that defendants claiming ineffective assistance of counsel allege both that defense counsel's performance with regard to a specific act or omission fell below that of reasonably competent counsel, and that there is a reasonable likelihood that, but for defense counsel's alleged deficiency, the outcome of the proceedings would have been different).
The trial court's apparent conclusion that defense counsel could not be deemed constitutionally ineffective for failing to present the voluntary intoxication defense because such a defense would have been inconsistent with the defense presented at trial, also appears to have been an inadequate basis for a summary denial of appellant's claim under the facts of this case. While a defense attorney cannot be deemed constitutionally ineffective for failing to present a voluntary intoxication defense if the record reveals that the defense actually pursued had been one of innocence supported by the facts of the case, see Rivera v. State, 717 So.2d 477, 485 (Fla.1998); Remeta v. Dugger, 622 So.2d 452, 455 (Fla.1993); Groover v. State, 489 So.2d 15, 16 (Fla.1986), this principle cannot apply where the defense that was pursued was of questionable validity. Since the defendant was unlawfully on the property, the only question would be one concerning his lack of intent which was not necessarily inconsistent with the intoxication defense.
Accordingly, on the record presented in this case, we must reverse and remand either for attachment of portions of the record which conclusively refute appellant's claim or for an evidentiary hearing.
WEBSTER and LAWRENCE, JJ., concur.