PER CURIAM.
Appellant has appealed a trial court order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged multiple claims of ineffective assistance of his trial counsel and illegal sentencing. We reverse and remand for further proceedings.
Appellant was convicted of robbery and was sentenced to 40 years in prison with a 30 year mandatory minimum as a violent career criminal pursuant to section 775.084(l)(c), Fla. Stat. He took a direct appeal to this court, which affirmed, remanding only for the striking of a duplicate judgment. Handford, v. State, 697 So.2d 583 (Fla. 4th DCA 1997). He then filed a timely and verified motion for post-conviction relief alleging ineffective assistance of trial counsel in failing to object to certain closing arguments by the prosecutor, and in failing to move to suppress certain identifications of him in and out of court. He also alleged that his sentence was illegal because the career criminal act under which he was sentenced, known as the “Officer Evelyn Gort and All Fallen Officers Career Criminal Act of 1995,” Chapter 95-182, Laws of Florida, violated the single subject rule of Article III, Section 6 of the Florida Constitution.
The trial court summarily denied all of these claims. We reverse and remand. We find the claims of ineffective assistance of counsel legally and factually sufficient under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Provenzano v. State, 616 So.2d 428 (Fla.1993). Also, the Supreme Court of Florida has decided in State v. Thompson, 750 So.2d 643 (Fla.1999), reh’g denied, 750 So.2d 643 (Feb. 22, 2000), that the law which provided enhanced sentencing for violent career criminals, Ch. 95-182, secs. 1-7, 12, Laws of Fla. (1995), violated the single-subject rule. Appellant has standing to make this challenge, as his offense occurred within the window period.
Therefore, we reverse and remand the claims of ineffective assistance of counsel for attachment of portions of the record refuting appellant’s claims or for an evi-dentiary hearing. We reverse appellant’s sentence and remand for resentencing in light of Thompson.
REVERSED and REMANDED.
DELL, GUNTHER and GROSS, JJ., concur.