PER CURIAM.
Keith Wittemen appeals the summary denial of his amended motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Wittemen alleges that he received ineffective assistance of counsel due to counsel’s failure to file a motion to suppress Wittemen’s confession, which he asserts was the only piece of evidence linking him to the crime. Wittemen alleges that while he was in custody, but prior to confessing, he asked to speak to counsel and, instead of stopping the interview, a police officer continued interrogating him. He also alleges that his confession should have been suppressed because the officer interrogating Wittemen promised him that no charges would be filed against him if he told the officer what he knew about the crime.
The trial court initially denied these claims as being facially insufficient. On a prior appeal, this court reversed, finding these claims to be facially sufficient and unrefuted by any record attachments. See Wittemen v. State, 735 So.2d 538 (Fla. 2d DCA 1999). On remand, the trial court again denied these claims. The court found them to be refuted by a portion of the trial transcript where the court ruled that Wittemen’s confession was made voluntarily. The court found that, due to this ruling, Wittemen could not sustain a claim of ineffective assistance of counsel for failure to file a motion to suppress.
Wittemen now appeals this ruling. Wittemen asserts that a specific police officer, which he identifies by name, misled him into believing that the State would grant him immunity and “let him off free” if he confessed to his knowledge of the crime. Wittemen also asserts that when he asked to talk to an attorney before he said anything further, this officer “continued to harass the defendant into confessing.”
The record attachments relied on by the trial court do not refute these claims. The attachments reveal that, before allowing Wittemen’s confession to be read to the jury, the trial court questioned two other police officers about the voluntariness of the confession. The trial court did not question the officer accused of wrongdoing. The attachments show that, during this questioning, the trial court acknowledged that there was an approximately forty-five minute tape recording of a question and answer session between the officer accused of wrongdoing, one of the officers questioned by the court, and Wittemen.
The attachments further reveal that the officer questioned by the court arrived at the interview room a few hours after Wittemen arrived. Although that officer testified that, to her knowledge, she knew of no inducements made to get Wittemen to confess, she did not purport to, nor could she, speak on behalf of the officer accused of wrongdoing. The attachments do not reveal what, if any, testimony the officer accused of wrongdoing gave. As a result, they fail to conclusively refute Wittemen’s sworn allegations.
*360 We accordingly reverse. See McCoggle v. State, 748 So.2d 309 (Fla. 4th DCA 1999). On remand, the court shall conduct an evidentiary hearing on Wittemen’s claims to determine if counsel’s alleged omission in failing to file a motion to suppress constituted ineffective assistance.
Reversed and remanded for further proceedings.
THREADGILL, A.C.J., and NORTHCUTT and GREEN, JJ., Concur.