764 So.2d 868 (2000)
John F. KITCHEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1123.
District Court of Appeal of Florida, Fourth District.
August 9, 2000.
John F. Kitchen, Indiantown, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
John F. Kitchen appeals the summary denial of his motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure, without record attachments. We affirm as to appellant's first and fourth grounds for relief, which raised claims of trial court error cognizable on direct appeal. We reverse and remand as to appellant's second, third, and fifth grounds for relief.
Appellant's second ground was that his sentence as a violent career criminal was unconstitutional under State v. Thompson, 750 So.2d 643 (Fla.1999). Thompson held that chapter 95-182, Laws of Florida, which created the violent career criminal sentencing category of habitual felony offender sentencing, violated the single subject requirement of the Florida Constitution. Appellant's offense occurred *869 on July 3, 1996, which is within the window period for challenging his sentence. See Salters v. State, 758 So.2d 667 (Fla. 2000)(the window period for raising a single subject challenge to chapter 95-182 opened on October 1, 1995 and closed on May 24, 1997). Further, appellant may raise this challenge in a postconviction motion. See Hanford v. State, 756 So.2d 191 (Fla. 4th DCA 2000); Gonzalez v. State, 753 So.2d 644 (Fla. 4th DCA 2000).
Appellant's third and fifth grounds were claims of ineffective assistance of counsel. In his third ground, appellant claimed that his trial counsel was ineffective in failing to investigate and present a defense of voluntary intoxication. He stated that prior to trial, he informed trial counsel that he was intoxicated by crack cocaine and alcohol before entering the store (where he snatched the victim's purse and keys) and that he did not realize he had committed the offense of robbery. Further, he advised counsel of his history of substance abuse and dependency. Instead of investigating a voluntary intoxication defense, however, counsel allegedly advised appellant that it was not a defense to the charge of robbery. On the contrary, robbery is a specific intent crime for which voluntary intoxication is a defense. See Gardner v. State, 480 So.2d 91 (Fla. 1985).
Generally, a postconviction claim that counsel was ineffective in failing to investigate and present a defense of voluntary intoxication to a specific intent crime is a facially sufficient claim. See Wilson v. State, 696 So.2d 957 (Fla. 1st DCA 1997). Counsel may make a tactical decision not to pursue a voluntary intoxication defense, but a trial court's finding that such a decision was tactical usually is inappropriate without an evidentiary hearing. See Guisasola v. State, 667 So.2d 248 (Fla. 1st DCA 1995). This ground, as alleged by appellant, appears to be legally sufficient and should not have been summarily denied without the attachment of portions of the record demonstrating conclusively that the movant is not entitled to relief. See, e.g., Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997).
Appellant's fifth ground was that trial counsel was ineffective in allowing two admittedly biased jurors to serve on his jury. In this connection, appellant quoted from the transcript of the prosecutor's voir dire of juror Ms. Blackson, whose daughter was involved in an armed robbery (although she stated that she did not think that would affect her); and defense counsel's voir dire of juror Ms. Crosby, who admitted she would be disappointed if she could not hear what appellant had to say. He contended that defense counsel was ineffective in failing to move to strike these jurors for cause or through a peremptory challenge. The relevant portions of the transcript are not attached to the trial court order and are not a part of our record. A claim that counsel was ineffective for failure to challenge a juror, if established, is legally sufficient. See Powell v. State, 673 So.2d 119 (Fla. 4th DCA 1996) (reversing summary denial of postconviction relief, where three pages of record on which trial court relied did not establish that trial counsel was not ineffective for failing to strike juror); Brown v. State, 654 So.2d 272 (Fla. 1st DCA 1995) (reversing summary denial, without attachments, of postconviction motion alleging ineffective assistance of counsel in allowing to serve on jury a person whom the movant had informed counsel he knew and who was hostile to him); Gibbs v. State, 604 So.2d 544 (Fla. 1st DCA 1992) (reversing summary denial, where allegation of counsel's ineffectiveness for allowing admittedly biased juror to serve on jury was not refuted by portions of record provided by circuit court).
Accordingly, we reverse and remand the summary denial as to appellant's third, and fifth grounds for relief and remand them to the trial court for the attachment of portions of the record refuting them or for an evidentiary hearing. We reverse *870 appellant's sentence and remand for resentencing in light of Thompson.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
GUNTHER, STONE and TAYLOR, JJ., concur.