PER CURIAM.
Corey Craig appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Craig raises numerous grounds in support of his motion, only one of which we find has merit. Craig claims the trial court erred in summarily denying his claim that counsel was ineffective for failing to investigate a voluntary intoxication defense. We reverse as to this claim only. The remainder of the trial court’s order is affirmed without discussion.
Craig was charged and pleaded guilty to attempted felony murder and robbery. Robbery is a specific intent crime, for which voluntary intoxication is a recognized defense. See Thomas v. State, 734 So.2d 1138 (Fla. 1st DCA 1999). Craig claims his trial counsel was aware of his use of illegal drugs prior to the commission of the robbery. Craig further alleges that he would not have accepted the terms of his negotiated plea agreement had he been correctly informed that voluntary intoxication could be used as a defense.
Craig’s claim is facially sufficient. See Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995) (holding failure to explore the defense of voluntary intoxication is a facially sufficient claim where there is evidence of intoxication and the crime charged is a specific intent crime). The trial court denied the claim, finding that the police report did not indicate Craig was under the influence of drugs and/or alcohol. The absence of a statement in the police report that Craig was under the influence of anything does not conclusively refute this claim. Accordingly, we remand to the trial court to attach those portions of the record which conclusively refute this claim or to conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
CASANUEVA, A.C.J., and SALCINES and STRINGER, JJ., Concur.