WARNER, C.J.
We affirm the summary denial of appellant’s motion for postconviction relief. Two of appellant’s three grounds concerned trial court errors that should have been raised on direct appeal and thus cannot be grounds for postconviction relief. The third ground alleges ineffective assistance of counsel for failing to inform appellant of voluntary intoxication as his only *333 viable defense. Because the sworn allegations are insufficient to warrant relief, appellant was not entitled to an evidentiary hearing on this issue.
We have held that a postconviction claim alleging ineffective assistance for failing to pursue a voluntary intoxication defense may be facially sufficient. See Kitchen v. State, 764 So.2d 868 (Fla. 4th DCA 2000). In this case, however, there are no sworn facts in this motion to constitute a legally sufficient claim. In order to plead an ineffectiveness claim, “[t]he defendant must allege specific facts that, when considering the totality of the circumstances, are not conclusively rebutted by the record and that demonstrate a deficiency on the part of counsel which is detrimental to the defendant.” See LeCroy v. Dugger, 727 So.2d 236, 239 (Fla.1998)(quoting Kennedy v. State, 547 So.2d 912, 913-14 (Fla.1989)). With respect to the particular claim made here, the defendant must show either that he told his attorney that he was intoxicated at the time of the offense or that he told his attorney of his addiction and there was record evidence that should have alerted his attorney to his possible intoxication at the time of the offense sufficient that the attorney should have investigated the claim. See McKinney v. State, 722 So.2d 933, 934 (Fla. 1st DCA 1998).
Appellant alleges in his motion that counsel failed to inform him that his only viable defense was voluntary intoxication. In the sworn memorandum of law attached to the motion, he attests that “statements made to counsel about the defendant’s problem with cocaine, as well as the eight (8) prior arrests for cocaine, should have been more than adequate for the defense counsel to prepare this defense knowing that the defendant was ‘high’ on cocaine.” Nowhere does he state under oath that he told his attorney that he had ingested cocaine on the date of the incident. In fact, in his unsworn reply to the state’s response, which pointed out that there was no evidence of appellant’s drug use on the date of the offense, he simply states that the trial transcript reveals otherwise without indicating how or where it would so indicate. These amount to mere concluso-ry allegations, legally insufficient to warrant a hearing.
Affirmed.
POLEN and HAZOURI, JJ., concur.