801 So.2d 113 (2001)
Richard M. CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3645.
District Court of Appeal of Florida, Second District.
October 12, 2001.
*114 PER CURIAM.
Richard M. Carter seeks review of the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Carter raises four challenges to his judgment and sentence, two of which effectively allege error which is not conclusively refuted by the record. Accordingly, we reverse on those issues. We affirm the remainder of the issues without comment.
First, Carter alleges that counsel was aware of facts and witnesses which established that Carter was chronically intoxicated for over two months before and during the commission of the crimes but failed to pursue voluntary intoxication as a defense. The trial court found that Carter failed to effectively allege prejudice because the evidence established that he was not intoxicated at the time of the offense. The court made the following findings:
First, the probable cause affidavits, detailing the actions of the Defendant and his co-defendant, indicate that some conscious level of planning went into the commission of these crimes. Second, the testimony at the sentencing hearing indicates that while the Defendant might have indulged in alcohol around the time the crimes were committed, he was not intoxicated. Detective Mallol testified at the Defendant's sentencing hearing. According to Detective Mallol, when he spoke with the Defendant after his arrest, he noted that the Defendant appeared to have been drinking. According to Detective Mallol, he did not consider him to be drunk, and the Defendant was able to speak coherently with the detective.
The Defendant also testified at this hearing. He specifically stated that he made no excuses for his conduct and that these crimes were "spur of the moment." He also testified that he had had primarily a good behavior record despite his "bad drinking problem." Upon further questioning by the Court, the Defendant admitted that his co-defendant might have provided a suggestion with regard to the crimes, but he had acted "upon his own impulses" and had not been coerced by his co-defendant into committing the crimes.
This evidence does not conclusively refute Carter's contention that he was intoxicated at the time of the offense. In fact, Detective Mallol's testimony that he noted that Carter appeared to have been drinking and Carter's testimony that he felt he had a drinking problem support Carter's allegation. While this evidence may be disputed with the detective's testimony that he did not believe that Carter was intoxicated or the fact that the crime involved planning, the resolution of this dispute is for the jury. Because voluntary intoxication was a defense to the specific intent crimes of robbery, kidnaping, burglary, aggravated assault, and petit theft at the time of the offenses,[1] and the record does not conclusively refute Carter's allegation that he was intoxicated at the time of the crime, we reverse and remand for an evidentiary hearing on the issue.
Second, Carter argues that trial counsel was ineffective for failing to move to suppress his conviction on grounds that it was illegally obtained while he was under the influence of alcohol. The trial *115 court denied relief on this issue, finding that it should have been raised on direct appeal and was thus barred in a rule 3.850 motion. However, claims that counsel was ineffective for failing to file a motion to suppress are cognizable in a rule 3.850 motion. Wittemen v. State, 779 So.2d 358, 359 (Fla. 2d DCA 2000). Confessions given while under the influence should be suppressed when "the confessor is intoxicated to the degree of mania or is unable to understand the meaning of his statements." DeConingh v. State, 433 So.2d 501 (Fla.1983) (citing Lindsey v. State, 63 So. 832 (Fla.1913)). Because Carter's claim is not conclusively refuted by the record, we remand for attachment of portions of the record conclusively refuting this allegation or for an evidentiary hearing.
Affirmed in part; reversed in part and remanded.
PARKER, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] Carter committed the offenses in question in October 1997. At that time voluntary intoxication was a defense to specific intent crimes. Gardner v. State, 480 So.2d 91, 92 (Fla.1985). However, section 775.051, Florida Statutes (1999), precludes the defense of voluntary intoxication for crimes committed after its effective date of October 1, 1999. Ch. 99-174, § 1, at 968, Laws of Fla.