831 So.2d 757 (2002)
Michael KIJEWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1358.
District Court of Appeal of Florida, Fourth District.
November 20, 2002.
Michael Kijewski, Sanderson, pro se.
Richard E. Doran, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach for appellee.
PER CURIAM.
Appellant Michael Kijewski appeals the summary denial of his motion for postconviction relief alleging four claims of ineffective assistance of trial counsel and one claim of prosecutorial misconduct. We find no error in the trial court's summary denial of claims one and two alleging ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), based on appellant's failure to adequately demonstrate any prejudice by the alleged deficiencies of counsel.
Appellant's third claim, alleging prosecutorial misconduct, is inappropriate for a rule 3.850 motion for post-conviction relief, and therefore was properly denied. See generally McCrae v. State, 437 So.2d *758 1388 (Fla.1983); Adams v. State, 380 So.2d 423 (Fla.1980).
As for appellant's claims four and five, we find that the trial court erred in summarily denying relief. Appellant alleged ineffective assistance of trial counsel based on a failure to investigate and present a voluntary intoxication defense to the charge of robbery with a deadly weapon, and for failure to advise him that such a defense was available to him given the date of his offense, which predated the statute eliminating voluntary intoxication as a defense. § 775.051, Fla. Stat. (1999) (effective October 1, 1999).
A post-conviction claim that counsel was ineffective in failing to investigate and present a defense of voluntary intoxication to a specific intent crime is a facially sufficient claim. See Wilson v. State, 696 So.2d 957 (Fla. 1st DCA 1997). Counsel may make a tactical decision not to pursue a voluntary intoxication defense, but a trial court's finding that such a decision was tactical usually is inappropriate without an evidentiary hearing. See Guisasola v. State, 667 So.2d 248 (Fla. 1st DCA 1995). Here, voluntary intoxication was a proper defense to the robbery charged. See Kitchen v. State, 764 So.2d 868 (Fla. 4th DCA 2000).
This court is unable to assess the trial court's reasoning in denying appellant's fourth claim without either a record of an evidentiary hearing or portions of the record attached to the trial court's order demonstrating conclusively that appellant is not entitled to relief. See, e.g., Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997). The portions of the record attached to the order in the instant case did not adequately refute appellant's claim on this ground.
Appellant's fifth claim is intertwined with claim four, as appellant alleges that his defense counsel failed to inform him that voluntary intoxication was a defense. This was based on counsel's belief, apparently, that the defense was not available to appellant.
Appellant did not testify at trial. His defense was an attempt to discredit the victim's testimony. Under these circumstances, counsel could have investigated and presented a voluntary intoxication defense in this case. Appellant has alleged a sufficient claim of ineffective assistance of counsel on this claim.
We affirm the summary denial of claims one, two and three, but reverse and remand for attachment of other portions of the record refuting claims four and five, or an evidentiary hearing on claims four and five.
AFFIRM IN PART, REVERSE AND REMAND IN PART.
KLEIN, TAYLOR and HAZOURI, JJ, concur.