834 So.2d 918 (2003)
James STRAITWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3097.
District Court of Appeal of Florida, Second District.
January 15, 2003.
*919 SILBERMAN, Judge.
James Straitwell appeals the denial of his motion for postconviction relief. We reverse and remand for further proceedings regarding his claim that counsel was ineffective for not pursuing a voluntary intoxication defense. We affirm without comment the denial of Straitwell's second claim concerning the evidentiary basis for one of his convictions.
In trial court case number 99-3088F, Straitwell entered a no contest plea to charges of burglary with battery, handling *920 or fondling a child under sixteen in a lewd or lascivious manner, and petit theft. In trial court case number 99-3089F, Straitwell entered a no contest plea to charges of burglary with battery, sexual battery, and petit theft. Straitwell did not appeal from the convictions and sentences entered following his pleas.
In May 2002 Straitwell filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, claiming the ineffective assistance of trial counsel. Straitwell alleged that at the time of the crimes, he had been intoxicated from mixing alcohol with steroids. He alleged that his attorney had this information but failed to pursue a voluntary intoxication defense and that his attorney did not tell him that voluntary intoxication was a legal defense that could have been raised. Straitwell claimed that his attorney advised him that it was not in his best interests to go to trial.
The trial court concluded that the plea transcript refuted Straitwell's claim and summarily denied the motion. The plea transcript reflects that Straitwell had been asked whether he had discussed possible defenses with his attorney. Straitwell responded: "We've discussed, you know, different things like that, like when I was explaining the fact that I was on steroids and doing things like that, but apparently that doesn't make a difference." Straitwell otherwise indicated that he was satisfied with his attorney.
Voluntary intoxication is a defense to specific intent crimes such as burglary and petit theft.[1]See Carter v. State, 801 So.2d 113, 114 (Fla. 2d DCA 2001); Bland v. State, 563 So.2d 794, 795 (Fla. 1st DCA 1990); Harris v. State, 415 So.2d 135, 136 (Fla. 5th DCA 1982). However, it is not a defense to general intent crimes such as sexual battery or lewd or lascivious assault upon a child. Killian v. State, 730 So.2d 360, 362-63 (Fla. 2d DCA 1999); Wright v. State, 675 So.2d 1009, 1010 (Fla. 2d DCA 1996).
In order to successfully assert the voluntary intoxication defense, "the defendant must come forward with evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged." Linehan v. State, 476 So.2d 1262, 1264 (Fla.1985). For purposes of a postconviction motion for relief,
the defendant must show either that he told his attorney that he was intoxicated at the time of the offense or that he told his attorney of his addiction and there was record evidence that should have alerted his attorney to his possible intoxication at the time of the offense sufficient that the attorney should have investigated the claim.
Boehm v. State, 776 So.2d 332, 333 (Fla. 4th DCA 2001); see also McKinney v. State, 722 So.2d 933, 934 (Fla. 1st DCA 1998).
This court has stated that an evidentiary hearing is warranted to determine whether counsel was ineffective for giving incorrect advice to a defendant regarding the viability of the defense of involuntary intoxication. See Kennedy v. State, 633 So.2d 1145, 1145 (Fla. 2d DCA 1994). Similarly, whether counsel was ineffective for failing to discuss and explore with a defendant the possibility of utilizing a voluntary intoxication defense is appropriately determined through an evidentiary *921 hearing. See Flores v. State, 662 So.2d 1350, 1351 (Fla. 2d DCA 1995). We have also concluded that a trial court's finding that counsel made a tactical decision not to pursue the defense usually is inappropriate without an evidentiary hearing. See id.; Kijewski v. State, 831 So.2d 757 (Fla. 4th DCA 2002).
We agree with Straitwell's argument that the plea transcript did not refute his claim as to the voluntary intoxication defense. Accordingly, we reverse the order summarily denying the motion for postconviction relief and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
DAVIS and COVINGTON, JJ., Concur.
NOTES
[1] We note that effective as of October 1, 1999, voluntary intoxication has been eliminated as a defense. See § 775.051, Fla. Stat. (1999). Because neither Straitwell's motion nor the trial court's order addressed any possible impact that the statute may have on the viability of Straitwell's defense, this issue must be considered on remand.