SALCINES, Judge.
Chrisandra Scott appeals the summary denial of her motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand on one claim and affirm without comment on all others.
Scott claims that counsel was ineffective for failing to consider the defense of voluntary intoxication. In Straitwell v. State, 834 So.2d 918 (Fla. 2d DCA 2003), this court held that, for purposes of a postcon-viction motion for relief, the appellant must show either that he told his attorney that he was intoxicated at the time of the offense or that he told his attorney of his addiction and there was record evidence that should have alerted his attorney to a possible intoxication at the time of the offense. Straitwell, 834 So.2d at 920 (citing Boehm v. State, 776 So.2d 332, 333 (Fla. 4th DCA 2001)). Scott told counsel that she was voluntarily intoxicated, and the record reveals that she has a documented history of drug abuse. An eviden-tiary hearing is warranted to determine whether counsel was ineffective for failing to discuss and explore with Scott the possibility of utilizing a voluntary intoxication defense. See Straitwell, 834 So.2d 918. Therefore, we reverse and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.