854 So.2d 788 (2003)
Timothy J. McCANN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3572.
District Court of Appeal of Florida, Second District.
September 5, 2003.
*789 Laura Griffin, Ponte Vedra Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Timothy McCann appeals orders entered in trial court case numbers 95-679 and 95-680 denying his motions and supplemental motions for postconviction relief and his motions to correct illegal sentence. We reverse in part because the trial court erred in summarily denying two of McCann's ineffective assistance of counsel claims and one of his double jeopardy claims. We affirm without discussion the denial of all other claims for relief.

PROCEDURAL BACKGROUND
In case number 95-679, following a jury trial, McCann was convicted of kidnapping, first-degree burglary, three counts of sexual *790 battery, and grand theft of a motor vehicle. He appealed his judgments and sentences, and they were affirmed without opinion. McCann v. State, 718 So.2d 184 (Fla. 2d DCA 1998) (unpublished table decision).
In case number 95-680, McCann pleaded no contest to burglary, sexual battery with a deadly weapon, grand theft, and robbery with a deadly weapon. He appealed his judgments and sentences, and they were affirmed. McCann v. State, 720 So.2d 275 (Fla. 2d DCA 1998).
In each case, McCann timely filed pro se motions for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising numerous claims. The trial court summarily denied some of the claims and granted an evidentiary hearing as to others. At the hearing, evidence was presented as to several of the claims. However, certain issues were not addressed, and McCann's counsel advised the trial court that she was filing supplemental motions in both cases under rule 3.850 and under Florida Rule of Criminal Procedure 3.800(a). The trial court indicated that another hearing would be scheduled to address the unresolved claims.
McCann then filed motions in both cases, seeking relief under rule 3.800(a) and supplementing the rule 3.850 claims. In case number 95-680, the motions were filed shortly before the next scheduled evidentiary hearing; as a result, the trial court continued the hearing. Approximately two months later, and without another hearing, the trial court entered an order denying all claims.

STANDARD OF REVIEW
Florida Rule of Appellate Procedure 9.141(b)(2)(D) governs our review of the trial court's summary denial of McCann's claims under rules 3.800 and 3.850. Rule 9.141(b)(2)(D) states that "unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Concerning rule 3.850 claims that are denied following an evidentiary hearing, appellate courts must give deference to the trial court's factual findings. McLin v. State, 827 So.2d 948, 954 n. 4 (Fla.2002).

FAILURE TO ADEQUATELY INVESTIGATE AND PREPARE DEFENSE
In ground four of his rule 3.850 motion in case number 95 679, McCann asserted that his trial counsel was ineffective for failing to adequately investigate and prepare a meaningful defense. McCann claimed that counsel should have established that the victim consented to have sex with him and that she brought the rape charges because McCann refused to give her drugs on the night of the incident. McCann also claimed that he told his trial counsel about two encounters after the incident. In one, the victim's boyfriend allegedly approached McCann at a party and accused him of stealing money, drugs, and the victim's vehicle. The second encounter allegedly involved McCann's arrest at a Ft. Myers bar for underage drinking. McCann claimed that the victim worked at the bar and called the police to report him for stealing her vehicle.
McCann argued that his trial counsel could have used the information to establish that the victim lied when she claimed that she did not know McCann and that the information would have established that the victim was bringing false charges against McCann. The trial court summarily denied relief on this ground, indicating that the claim was alleging "ineffective assistance of counsel for failing to elicit from the Defendant testimony regarding *791 encounters with a third party and regarding a prior juvenile arrest of the Defendant for an alcohol charge." The trial court stated that it would not question counsel's decision to refrain from inquiring of McCann about his juvenile arrest record and thus opening the door to further inquiries.
Although there may have been strategic reasons why McCann's counsel proceeded as he did, the evaluation of such strategic decisions generally requires resolution through an evidentiary hearing. See Comfort v. State, 597 So.2d 944, 945 (Fla. 2d DCA 1992); Guisasola v. State, 667 So.2d 248, 249 (Fla. 1st DCA 1995). Because the trial court did not fully address this claim and it was not refuted by attachments to the trial court's order, we reverse and remand for further proceedings.

FAILURE TO ASSERT VOLUNTARY INTOXICATION DEFENSE
In ground two of McCann's rule 3.850 motion filed in case number 95-680, he alleged that his trial counsel was ineffective for failing to assert voluntary intoxication as a defense to the charges. McCann claimed that he accepted the plea because counsel failed to prepare and use the voluntary intoxication defense even though McCann told counsel and the police that he was intoxicated during the commission of the offenses. Additionally, he claimed that had counsel pursued the defense, he would not have been forced into accepting the plea.
Although the trial court found that the claim stated a basis to grant an evidentiary hearing, it ultimately denied the claim finding that (1) McCann failed to present evidence or elected not to present evidence regarding the claim at the evidentiary hearing, and (2) the defense was waived because intoxication was not a defense to the principal charge of sexual battery and McCann elected to enter a negotiated plea to the remaining charges and received concurrent sentences.
Voluntary intoxication is not a defense to sexual battery. Straitwell v. State, 834 So.2d 918, 919 (Fla. 2d DCA 2003). However, it is a defense to the other crimes with which McCann was charged. See Carter v. State, 801 So.2d 113, 114 (Fla. 2d DCA 2001).[1] A claim that counsel failed to explore a voluntary intoxication defense states a facially sufficient ineffective assistance claim even when the defendant's conviction resulted from a plea. See Craig v. State, 769 So.2d 1087, 1088 (Fla. 2d DCA 2000). Moreover, "whether counsel was ineffective for failing to discuss and explore with a defendant the possibility of utilizing a voluntary intoxication defense is appropriately determined through an evidentiary hearing." Straitwell, 834 So.2d at 920-21.
Concerning the trial court's finding that McCann failed to present evidence to support this claim at the one evidentiary hearing that was conducted, the transcript of the hearing does not support that finding. The transcript reflects that several other evidentiary issues would be addressed first and, if additional time remained, an evidentiary hearing would be conducted as to the intoxication defense issue. Prior to the conclusion of the hearing, the trial court confirmed that an additional evidentiary hearing would be scheduled. Although a second hearing was scheduled, it was continued by the trial court. Another *792 evidentiary hearing was not held, and McCann did not have the opportunity to present evidence on the issue before the trial court denied the claim.
Because the trial court erred in denying this claim without an evidentiary hearing and the record does not otherwise conclusively refute the claim, we reverse and remand for additional proceedings.

DOUBLE JEOPARDY
Under ground three of his rule 3.850 motion in case number 95-680, McCann alleged in part that his convictions for both grand theft and robbery violated double jeopardy principles. He argued that he could not be convicted of both crimes when they were merely aggravated forms of the same underlying offense of theft and they arose out of a single episode. The trial court summarily denied McCann's claim, concluding that double jeopardy claims are not appropriate for postconviction relief. The trial court was incorrect because double jeopardy claims may be raised in a rule 3.850 proceeding. See Tidwell v. State, 790 So.2d 1184, 1184 (Fla. 2d DCA 2001).
McCann again raised this claim in his supplemental motion. He noted that in the opinion issued following his direct appeal, this court stated that it could not resolve the double jeopardy issue based upon the appellate record and, therefore, the decision to affirm was without prejudice to McCann filing a timely rule 3.850 motion. McCann, 720 So.2d at 275. In its final order denying the claim the trial court stated, "A review of the case and the plea reveals to the Court that the Defendant was properly convicted of all the charges and that there was no double jeopardy violation."
McCann's convictions for both grand theft and robbery may violate double jeopardy principles. See Hayes v. State, 803 So.2d 695, 704 (Fla.2001); Sirmons v. State, 634 So.2d 153, 154 (Fla. 1994). The double jeopardy analysis requires that courts "look to whether there was a separation of time, place, or circumstances" between the crimes because "those factors are objective criteria utilized to determine whether there are distinct and independent criminal acts or whether there is one continuous criminal act with a single criminal intent." Hayes, 803 So.2d at 704.
Because the trial court summarily denied the motion without attaching to its order record documents conclusively refuting the claim, we reverse.

DISPOSITION
For the forgoing reasons, the orders denying McCann's motions are affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. On remand, the trial court may again summarily deny relief if it can attach portions of the record that conclusively refute the claims. To the extent that any claim is not conclusively refuted by the record, the trial court must conduct an evidentiary hearing on that claim.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and CANADY, JJ., Concur.
NOTES
[1] We note that section 775.051, Florida Statutes (1999), abolished the voluntary intoxication defense in Florida effective October 1, 1999. Ch. 99-174, § 2, at 968, Laws of Fla. This statute was not in effect at the time of the subject crimes and is not applicable in this case.