CANADY, Judge.
Raymond Rogers appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Counsel for Rogers filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and this court ordered supplemental briefing on one issue. We reverse and remand for the trial court to reconsider this sole issue. We affirm the denial of the other claims raised by Rogers.
In his motion, Rogers claimed that he was in the custody of the Department of Corrections (DOC) on August 13, 1998, when he was arrested on a Pinellas County warrant and transported to the Pinellas County jail. He claimed that on the advice of his counsel he agreed to a release on his own recognizance (ROR) in the Pinellas County case on November 18, 1998. He was then transferred from the Pinellas County jail back to DOC’s custody to continue serving his prior sentences. On September 28,1999, Rogers was released from custody to begin the probationary portions of his prior sentences. On September 10, 2001, Rogers pleaded guilty to the Pinellas County charges, and he was sentenced on all counts to four years in prison followed by twelve years’ probation.
Rogers argued that he did not receive jail credit applied to his Pinellas County sentences for the time he remained in custody on the prior convictions after he signed the Pinellas County ROR papers. He claimed that his counsel failed to advise him that “his time in the instant case would come to a halt upon being ROR’d and in fact actively led [him] to believe in the contrary.” The trial court denied this claim, finding that Rogers did “not present a clear argument” and that his “statements are purely speculative.” The trial court also noted that “trial counsel cannot be expected to be aware of [Rogers’ other] offenses and pending offenses in other circuits.” The trial court granted an eviden-tiary hearing on another claim of ineffective assistance of counsel. At the hearing, however, Rogers’ appointed counsel stated that Rogers wanted to abandon all claims except those related to the jail credit. After the hearing, the trial court again denied Rogers’ claim that counsel misadvised him to sign the ROR papers, stating that it had been properly denied in the first order and that Rogers was not entitled to jail credit.
The trial court correctly concluded that Rogers is not entitled to additional jail credit applied to his Pinellas County sentences. His release in the Pinellas County case made him ineligible for such credit. See Keene v. State, 500 So.2d 592, 594 (Fla. 2d DCA 1986) (“[A]ppellant is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence.”). However, Rogers may be entitled to relief based on ineffective assistance of counsel. See Blake v. State, 807 So.2d 772, 773 (Fla. 2d DCA 2002) (holding that Blake was not entitled to jail credit in second case applied to sentence in first case because he was released on bond in first case but noting that Blake may have a claim of ineffective assistance of counsel for failing to advise him to cancel his bond in first case). Although Rogers’ rule 3.850 motion was unartfully drafted and this claim was intertwined with other claims, it is clear that Rogers was challenging his counsel’s advice that he agree to release in the Pinellas County case.
The trial court’s determination that counsel was not deficient is not supported *981 by record attachments or evidence presented at a hearing. See McCann v. State, 854 So.2d 788, 792 (Fla. 2d DCA 2003) (“To the extent that any [rule 3.850] claim is not conclusively refuted by the record, the trial court must conduct an evidentiary hearing on that claim.”). Accordingly, we reverse the trial court’s order and remand for an evidentiary hearing on whether counsel’s performance was constitutionally deficient. Although the trial court failed to consider whether Rogers was prejudiced, it is clear that Rogers would have received approximately ten months of additional jail credit in the Pinellas County case if he had not signed the ROR papers.
Affirmed in part, reversed in part, and remanded.
FULMER, C.J., and WHATLEY, J., Concur.