Conner, J.
The appellant, Charmarkco S. Evans, appeals his judgments and sentences for two counts of felony battery. On appeal, the appellant asserts that the trial court erred by admitting inadmissible hearsay evidence and by adjudicating and sentencing him on both counts of felony battery in violation of Double Jeopardy. We affirm without discussion the trial court’s rulings on the hearsay claims. We also affirm the judgments and sentences on both counts of felony battery, having determined there was no Double Jeopardy violation.

Factual Background and Trial Court Proceedings

The appellant was tried on four criminal charges: (1) felony battery-serious bodily injury with prior conviction, (2) false imprisonment, (3) sexual battery, and (4) stalking. The jury acquitted him of false imprisonment and stalking; hence, we focus our discussion of the factual background regarding the evidence and proceedings pertaining to count 1 (felony battery-serious bodily injury with pri- or conviction) and count 3 (sexual battery).
The State presented evidence that the appellant and the victim were in a relationship for a period of time before the alleged crimes were committed. As sometimes happens in domestic violence cases, the victim was a relatively reluctant witness at trial. Nonetheless, she testified that on a Sunday, she had been drinking heavily and went to the appellant’s apartment. Although the victim was unable to remember all of the circumstances, she testified she “very much remember[ed] him striking me in my face” on Sunday. Lay and medical testimonial evidence, as well as physical evidence, showed that the victim suffered a nasal fracture, severe swelling around both eyes, a perforated left eardrum, and significant facial bruising.
The victim further testified that, out of fear that it would be discovered he had beaten her, the appellant would not let her leave his apartment for several days. She eventually was able to trick the appellant into leaving the apartment on the following Thursday to get some food, at which time *1230 she ran to a neighbor’s house. The neighbor called 911, leading to the appellant’s arrest.
The victim gave equivocal testimony about being sexually battered by the appellant on multiple occasions between Monday and Thursday. There was no testimony of any sexual battery occurring on Sunday, the day she was severely beaten in the face by appellant. The victim’s testimony was equivocal in the sense that she testified that she consented to and even initiated some of the sexual activity between Monday and Thursday. However, she also testified that there were times she participated in sex with the appellant out of fear that he would resume beating her if she did not.
As to both counts 1 and 3, the jury was instructed on a lesser included offense of battery. During deliberations, the jury sent the following question to the trial court:
Your Honor, does Count III, Battery, Lesser Included Offense, differ from Count I, Battery, Lesser Included Offense? In other words, does Count III Battery have more of a sexual connotation?
The trial court responded that “in both of those cases, the meaning of battery doesn’t change,” and again gave the definition of a simple battery. Both the appellant and the State agreed to .the response.
After deliberating, the jury returned a verdict finding the appellant guilty of felony battery-serious bodily' injury as charged; not guilty of false imprisonment; guilty of the lesser included offense of battery (on the sexual battery charge); and not guilty of stalking, In the second portion of the bifurcated trial, the jury also found that .the appellant had previously been convicted of a felony- battery, leading to the enhancement of the simple battery verdict on count 3 -into a felony battery. The appellant was convicted and sentenced on both felony battery offenses. The appellant gave notice of appeal. '

Appellate Analysis

The appellant argues his convictions of felony battery (serious bodily injury) under count 1 and felony battery (prior conviction) as a lesser included offense of count 3 violate Double Jeopardy.
“Because double jeopardy issues involve purely legal determinations, the standard of review is de novo.” Rimondi v. State, 89 So.3d 1059, 1060 (Fla. 4th DCA 2012) (quoting Benjamin v. State, 77 So.3d 781, 783 (Fla. 4th DCA 2011)).
“The most familiar concept of the term ‘double jeopardy’ is that the Constitution prohibits subjecting a. person to multiple prosecutions, convictions and punishments for the same criminal offense.” Valdes v. State, 3 So.3d 1067, 1069 (Fla. 2009). However, “[mjultiple punishments and convictions may rest on offenses occurring within differing criminal episodes,” Partch v. State, 43 So.3d 758, 760 (Fla. 1st DCA 2010).
In State v. Paul, 934 So.2d 1167 (Fla. 2006), our supreme court gave the following guidance for determining whether multiple convictions arise out of the same criminal episode in'analyzing an asserted Double Jeopardy violation:
“[Cjourts look to whether there are multiple victims, whether the .offenses occurred in multiple locations, and whether there has been a ‘temporal break’ between offenses.” Murray v. State, 890 So.2d 451, 453 (Fla. 2d DCA 2004) (quoting Staley v. State, 829 So.2d 400, 401 (Fla. 2d DCA 2002)); see also Russo v. State, 804 So.2d 419, 420-21 (Fla. 4th DCA 2001) (same); Cabrera v. State, 884 So.2d 482, 484 (Fla. 5th DCA 2004) (holding that in order for crimes to be considered to have occurred in more than one criminal episode, there must be *1231 a sufficient temporal break between the two acts in order to allow the offender to reflect and form a new criminal intent for each offense).
Id. at 1173 (emphasis added). See also Hammel v. State, 934 So.2d 634, 635 (Fla. 2d DCA 2006) (quoting McCann v. State, 854 So.2d 788, 792 (Fla. 2d DCA 2003)) (“The test used to determine whether offenses arise from a single criminal episode requires a trial court to ‘look to whether there was- a separation of time, place, or circumstances between the crimes' because those factors are objective criteria utilized to determine whether there are distinct and independent criminal acts or whether there is one continuous criminal act with a single criminal intent.’ ”),
The premise of the appellant’s argument has two prongs, based on the fact that the jury acquitted him of the sexual battery: (1) because the sexual battery offense allegedly occurred during a time frame starting on Monday and ending on Thursday, the jury must have been confused about how to apply the law to the facts, and improperly convicted him on a lesser included crime for conduct occurring on Sunday (when the victim was severely beaten on the face); and (2) if the victim’s consent to the appellant’s conduct was the reason for the acquittal on sexual battery, that consent equally applied to any conviction for a lesser included offense based on the same conduct. We disagree with both prongs of the appellant’s argument.
As to both prongs, we are satisfied that the appellant got the benefit of a jury nullification verdict in deciding count 3 of the information. The jury’s question regarding whether the lesser included battery offense instruction for count .3 required a sexual connotation, as distinct from the lesser included battery offense instruction for count 1, clearly indicates the jury was concerned about the victim’s testimony that she initiated some of the sexual activity with the appellant between Monday and Thursday. However, we are satisfied the jury concluded there was at least one occasion during .the Monday-Thursday period in which ■ the appellant touched her against her will because any consent given was out of fear she would receive further beating. See Doyle v. State, 39 Fla. 155, 22 So. 272, 273 (1897) (“Consent of the woman from fear of personal violence is void.”).
We also agree with the State’s argument that the temporal break between -the appellant’s injurious battery conduct on Sunday and his battery conduct between Monday and Thursday was ample time for him to reflect and form a new criminal intent for each offense. Thus, we conclude there was no Double Jeopardy violation by the judgments and punishments for two felony battery offenses in this case.

Affirmed.

May and Damoorgian, JJ., concur.