687 So.2d 931 (1997)
Darryl GRADY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2955.
District Court of Appeal of Florida, First District.
February 10, 1997.
*932 Darryl Grady, pro se.
No appearance for Appellee.
PER CURIAM.
Appellant challenges an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court's conclusion that appellant's motion was successive is unsupported by the record excerpts attached to the order denying relief; however, we affirm in part and reverse in part because the record excerpts attached to the trial court's order conclusively refute one of appellant's claims.
Appellant pled nolo contendere to robbery and was sentenced as an habitual felony offender to fifteen years imprisonment. This Court affirmed his conviction and sentence in May 1994. Appellant's first 3.850 motion, filed that same month and apparently alleging some claims of ineffective assistance of counsel, was denied by the trial court in June 1994.
Appellant then timely filed his second properly sworn 3.850 motion alleging that defense counsel rendered ineffective assistance by (1) failing to inform appellant that voluntary intoxication was a viable defense despite having been informed that appellant had a drug dependency problem and was "partying heavy" at the time of the offense, (2) failing to depose certain specifically named prospective witnesses whose testimony could have cast doubt on appellant's guilt by either corroborating his claim that he had been partying heavy at the time of the offense or his claim that he had a drug dependency problem thereby providing support for his voluntary intoxication defense, and (3) failing to advise appellant prior to the entry of his plea of the maximum possible habitual offender sentence he could receive for his offense. Appellant specifically alleged in his motion that, but for defense counsel's identified failings, he would not have pled nolo contendere and would have instead gone to trial.
The trial court then issued an order referencing a 1995 case number and denied appellant's motion on grounds that his case was currently on appeal. Appellant later filed an amended 3.850 motion asserting the same claims raised in his second 3.850 motion.[1]
The trial court subsequently denied appellant's amended 3.850 motion on grounds that it was improperly successive since his first 3.850 motion alleging ineffective assistance of counsel had been denied by the trial court. Yet the trial court did not indicate whether the denial of appellant's first 3.850 motion had been on the merits and did not attach copies of that motion or the order denying it. The only documents attached to the trial court's order denying appellant's amended 3.850 motion were a copy of the decision in Ragan v. State, 643 So.2d 1175 (Fla. 3d DCA 1994), with an accompanying Shepard's print-out for that case, and a copy of appellant's written plea agreement. These attachments do not conclusively show that appellant's amended motion was improperly *933 successive. See Fla.R.Crim.P. 3.850(d)(1996). Nevertheless, we affirm the denial of appellant's third claimthat his defense attorney rendered ineffective assistance by failing to advise appellant prior to the entry of his plea of the maximum possible habitual offender sentence he could receive for his offensebecause the prejudice component of that ineffective assistance of counsel claim is conclusively refuted by language contained in appellant's written plea agreement. That document contained language informing appellant that he faced a maximum possible habitual offender sentence of fifteen years imprisonment for his offense. Thus, appellant's claim that he would not have pled had he known the length of the maximum possible habitual offender sentence he could have received is conclusively refuted by the fact that appellant did plead knowing he faced a maximum possible habitual offender sentence of fifteen years.
Appellant's remaining claims are, however, legally sufficient to state the ineffective assistance of counsel claims asserted, see Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984); see also Young v. State, 661 So.2d 406, 406 (Fla. 1st DCA 1995); Brunson v. State, 605 So.2d 1006, 1007 (Fla. 1st DCA 1992); McCoy v. State, 598 So.2d 169, 170-71 (Fla. 1st DCA 1992); Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993), and are not conclusively refuted by any of the record excerpts attached to the order denying relief. On remand, the trial court should either attach to its order denying relief those portions of the record conclusively showing these claims to be without merit or hold an evidentiary hearing.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
MINER, ALLEN and MICKLE, JJ., concur.
NOTES
[1] Appellant also filed an untimely motion for rehearing arguing that the trial court erroneously denied his second 3.850 motion since that motion pertained to a 1992 case that was not on appeal at the time the trial court's order denying relief was issued. The motion for rehearing was never specifically ruled on. As a result, appellant's amended 3.850 motion was not an untimely, third 3.850 motion because the trial court's order apparently directed to appellant's second 3.850 motion did not actually dispose of that motion. The order was essentially a nullity as to appellant's second 3.850 motion since, by its own terms, it did not dispose of any 3.850 motions directed to any of appellant's 1992 convictions; it applied only to a 1995 case.