699 So.2d 306 (1997)
Joe Nathan JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3218.
District Court of Appeal of Florida, First District.
September 18, 1997.
*307 Nancy A. Daniels, Public Defender; Michael A. Wasserman, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Timothy A. Freeland, Assistant Attorney General, Office of the Attorney General, Tampa, for appellee.
PADOVANO, Judge.
The defendant, Joe Nathan Jackson, was charged with first degree murder in connection with the shooting death of his wife, Tina Jackson. At trial, the defendant maintained that the shooting was an accident and that he was too intoxicated to form the intent to commit the crime. Following a conviction for the lesser included offense of second degree murder, the defendant appealed to this court. We affirm.
Several issues are presented on appeal but only one merits discussion. The defendant contends that the trial court erred in denying his request for a jury instruction on the defense of voluntary intoxication. Based on the evidence presented at trial, we agree that the court erred in denying the instruction. However, we conclude that the error was rendered harmless by the jury verdict finding the defendant guilty of the lesser included offense of second degree murder.
The availability of the defense of voluntary intoxication depends on the kind of intent required to prove the crime. Florida courts have held that voluntary intoxication is a defense to any crime that requires proof of a specific intent, see Gardner v. State, 480 So.2d 91 (Fla.1985); Eberhardt v. State, 550 So.2d 102 (Fla. 1st DCA 1989), but not to any crime that requires proof of only a general intent. See Linehan v. State, 476 So.2d 1262 (Fla.1985). As the supreme court explained in Linehan, evidence of voluntary intoxication is relevant for the limited purpose of showing that the defendant was unable to form the intent necessary to commit the crime charged.
First degree murder is a crime that requires proof of a specific intent. Gurganus v. State, 451 So.2d 817 (Fla.1984); Chestnut v. State, 538 So.2d 820 (Fla.1989). Therefore, a defendant charged with first *308 degree murder is entitled to a jury instruction on the defense of voluntary intoxication if there is at least some evidence to support the defense. In contrast, second degree murder is a general intent crime. See Gentry v. State, 437 So.2d 1097 (Fla.1983). It follows that a defendant charged with second degree murder is not entitled to a voluntary intoxication instruction. The crime of second degree murder does not require proof of any element that could be negated by the defendant's intoxication.
We are not aware of a Florida case addressing the question whether the failure to give a voluntary intoxication instruction as a defense to a specific intent crime charged in the information or indictment is rendered harmless by a conviction for a lesser offense requiring proof of only a general intent. However, the Wisconsin court of appeals dealt with precisely the same question in Wisconsin v. Shaffer, 96 Wis.2d 531, 292 N.W.2d 370 (Ct.App.1980). There the court reasoned:
If we were to assume that the failure to give the instruction was error (it was not), then that failure was harmless error because the defendant was convicted of second-degree murder. Intent to kill, which may be negatived by intoxication, is not an element of second-degree murder and therefore the intoxication instruction is irrelevant to the crime of which the defendant was convicted. [citations omitted]
96 Wis.2d at 544, 292 N.W.2d at 377.
The logic of the Shaffer opinion applies here as well. If the trial court had given the requested jury instruction on the defense of voluntary intoxication in the present case, the instruction may have influenced the jury to find that the defendant could not have formed the intent necessary to commit first degree murder. But the defendant was found not guilty of first degree murder even without the instruction. The instruction could not have legally influenced the jury's deliberations regarding any of the lesser included offenses of first degree murder unless they too were specific intent crimes. Because the defendant was convicted of murder in the second degree, a lesser crime requiring only proof of general intent, the failure to give the instruction was harmless.
Affirmed.
ALLEN and WEBSTER, JJ., concur.