701 So.2d 632 (1997)
Jose FERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3006.
District Court of Appeal of Florida, Fourth District.
November 12, 1997.
Jose Fernandez, Chipley, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's summary denial, without the attachment of any record excerpts, of appellant's rule 3.850 motion for postconviction relief. The trial court attached to its order of denial only the state's response, which conceded that two of the claims were legally sufficient and needed to be addressed by evidentiary hearing.
We have determined that appellant's third, fifth, and seventh grounds for relief were legally sufficient. Appellant's third and fifth grounds were that the trial court and appointed defense counsel, respectively, coerced him into changing his plea to guilty by misrepresenting the maximum possible sentence, thereby rendering his plea involuntary; otherwise, he stated, he would not have entered the plea. An allegation that the plea was involuntarily entered is a legally sufficient ground for postconviction relief, requiring the reversal of an order denying the motion without an evidentiary hearing or the attachment of portions of the record refuting the appellant's claims. See Griffin v. State, 573 So.2d 979 (Fla. 5th DCA 1991).
Appellant's seventh claim was that the trial court erred by imposing an amount of restitution to be paid by appellant to the victim without first making a proper assessment of the missing property or conducting a restitution hearing to determine appellant's ability to pay. In determining whether to order restitution and the amount of restitution, the trial court is required to consider the amount of loss sustained by the victim and the financial resources of the defendant and his or her present and future financial needs and earning ability. See § 775.089(6), Fla. Stat. (1995). A defendant who agrees to an amount of restitution as part of a plea agreement and fails to argue the inability to pay waives the protection of the statute. See *633 Blasco v. State, 601 So.2d 1264, 1265 (Fla. 3d DCA 1992). However, on a rule 3.850 motion, based on the protection of that statute, the trial court cannot deny the motion without attaching to its denial those portions of the record which show that such payment was part of the plea agreement and that the movant waived the right to a hearing on ability to pay. See McManamon v. State, 609 So.2d 91 (Fla. 1st DCA 1992) (reversing and remanding summary denial of rule 3.850 motion for further proceedings or portions of record conclusively showing movant waived right to inquiry into ability to pay).
Therefore, the order denying relief is reversed and remanded to the trial court for an evidentiary hearing or the attachment of record excerpts conclusively showing appellant is entitled to no relief with respect to the foregoing claims.
REVERSED AND REMANDED.
WARNER, FARMER and SHAHOOD, JJ., concur.