PER CURIAM.
Appellant seeks review of an order which summarily denied his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking postconviction relief. We affirm, without discussion, the denial of relief as to all of the claims raised save one. Appellant claimed that his trial attorney had been ineffective because he had stipulated to the payment of a significant sum as restitution when restitution was not called for by the plea agreement, the subject of restitution had never been discussed during the plea negotiations, and the attorney knew that appellant would not agree to pay any restitution. The trial court denied this claim because it was of the opinion that portions of the record reflected that appellant had stipulated to restitution after conferring with his attorney. We have reviewed the portions of the record relied upon by the trial court, and we are unable to agree that they conclusively establish that appellant is entitled to no relief on this claim. Accordingly, as to this claim only, we reverse and remand for further proceedings. See generally Fernandez v. State, 701 So.2d 632 (Fla. 4th DCA 1997) (denial of a rule 3.850 motion challenging a restitution award made after a negotiated plea must be supported by attachments establishing that the payment of restitution was a part of the plea agreement). Should the trial court again conclude that the record conclusively establishes that appellant is entitled to no relief, it shall attach to its order those additional portions of the record which lead it to that conclusion. Otherwise, it shall hold an evidentiary hearing. In all other respects, the order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
JOANOS, ALLEN and WEBSTER, JJ., concur.