734 So.2d 1138 (1999)
Melvin Jerome THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3146.
District Court of Appeal of Florida, First District.
May 27, 1999.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Melvin Jerome Thomas appeals the summary denial of his motion pursuant to Florida Rule of Criminal Procedure 3.850 in which he raises two claims of ineffective assistance of counsel. Although we affirm the summary denial of the second claim, we find that the first claim raises a facially sufficient allegation.
Thomas pled guilty to robbery, a specific intent crime for which voluntary intoxication is a defense. See Kiser v. State, 678 So.2d 859 (Fla. 1st DCA 1996). In his motion, Thomas alleged that trial counsel failed to investigate and advise on the defense of voluntary intoxication, despite being told that Thomas had consumed large quantities of alcohol and crack cocaine prior to the commission of the offense. Thomas further alleged that, had he known about the defense, he would not have pled guilty but would have gone to trial. We have previously held that such allegations are sufficient to state a claim of ineffective assistance of counsel, even where appellant has indicated satisfaction with counsel's performance in a plea agreement. See, e.g., Collier v. State, 729 So.2d 954, 23 Fla. L. Weekly D2283 (Fla. 1st DCA Oct.5, 1998); Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995).
The trial court denied the claim because (1) Thomas's recollection of facts relating to the offense was inconsistent with a defense of voluntary intoxication, and (2) Thomas's sworn testimony at the plea hearing was that he had fully discussed the case with his attorney, had been advised of all defenses and mitigating circumstances, and was satisfied with her services. Neither the reasons stated by the trial court, nor the portion of the record attached, conclusively refute appellant's claim that counsel failed to advise him on the defense of voluntary intoxication. Therefore, without expressing any opinion as to the merits of the claim, we reverse and remand for *1139 further proceedings consistent with this opinion.
JOANOS, ALLEN and KAHN, JJ., CONCUR.