765 So.2d 745 (2000)
Thomas C. O'BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-3107.
District Court of Appeal of Florida, First District.
May 22, 2000.
Rehearing Denied July 6, 2000.
Thomas C. O'Bryant, appellant, pro se.
Robert A. Butterworth, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant challenges the denial of his motion for postconviction relief filed pursuant *746 to Florida Rule of Criminal Procedure 3.850. Appellant raised eight claims in his motion and challenges the denial of all eight claims. We affirm the denial of six of those claims without comment. We reverse, however, the denial of appellant's third claim of ineffective assistance of defense counsel based upon counsel's failure to properly advise appellant of the applicability of the voluntary intoxication defense, and the denial of his sixth claim that his plea had been involuntarily entered because he had been affirmatively misadvised by the prosecutor and defense counsel of the range of penalties available at the time for attempted first-degree murder of a law enforcement officer. We reverse because the record excerpts attached to the order denying relief do not conclusively refute the allegation contained in appellant's motion supporting these two claims.
Appellant entered a negotiated guilty plea to one count of robbery while armed with a firearm and one count of attempted first-degree murder of a law enforcement officer. The offenses to which appellant pled guilty were committed on June 10, 1995. The law in effect at the time appellant committed his offenses authorized as possible sentences for the crime of attempted first-degree murder of a law enforcement officer a term of life imprisonment or a term of years not to exceed 40 years imprisonment, with the offender being required to serve at least 25 years in prison whether a life sentence or a term of years was imposed. See §§ 784.07(3), 775.082(3)(a), and 775.0825, Fla. Stat (1993). As part of his plea agreement, appellant agreed to sentences of life imprisonment on each count, and the state agreed to have both sentences run concurrent with one another. In accordance with his plea agreement, appellant was adjudicated guilty of these offenses and sentenced in January 1996 to two concurrent terms of life imprisonment, with 25 years minimum mandatory to be served for the attempted murder and 3 years minimum mandatory to be served for the robbery. Appellant did not appeal from these convictions and sentences.
In his third claim for postconviction relief, appellant alleged that he had informed defense counsel that he had heavily used alcohol, marijuana, crack cocaine, and LSD on the night of the offenses. Appellant further alleged in his motion that he had specifically informed defense counsel that he had been awake and consuming alcohol and drugs continuously during the four days leading up to the time of the offenses. Appellant alleged in his motion that he would not have accepted the terms of his negotiated plea agreement had he been correctly informed that voluntary intoxication could have been used as a defense.
This court has held that a defendant sufficiently pleads the deficient performance aspect of an ineffective assistance of counsel claim based on defense counsel's failure to identify and pursue a voluntary intoxication defense if the defendant alleges that he either informed his attorney that he was intoxicated at the time of the offense or told his attorney that he had a history of substance abuse, which, with record evidence of his intoxication at the time of the offense, should have alerted his counsel to the possibility of such a defense. See McKinney v. State, 722 So.2d 933, 934 (Fla. 1st DCA 1998). In the context of a plea case, a defendant sufficiently pleads the prejudice component of such an ineffective assistance of counsel claim if he alleges that he would not have pled but for defense counsel's ineffectiveness regarding the voluntary intoxication defense. See Grady v. State, 687 So.2d 931, 932 (Fla. 1st DCA 1997). Appellant's allegations as to his third claim were, therefore, legally sufficient.
In his sixth claim for postconviction relief, appellant alleged that he would not have accepted the terms of the negotiated plea agreement had he been correctly informed that the trial court could have opted *747 to sentence him to a term of only 40 years instead of life. Similar allegations by defendants seeking to withdraw their pleas postsentencing via rule 3.850 motions for postconviction relief have been held legally sufficient to require either attachment of those portions of the record conclusively refuting the allegations or an evidentiary hearing. See Fernandez v. State, 701 So.2d 632 (Fla. 4th DCA 1997); Gilyard v. State, 675 So.2d 950 (Fla. 1st DCA 1996).
No portions of the record on appeal conclusively refute appellant's legally sufficient claim that his plea had been entered involuntarily without an understanding of the actual range of penalties available for the offense of attempted first degree murder of a law enforcement officer. At no point during the entire plea and sentencing hearing (the complete transcript of which was included in the record on appeal as an attachment to the state's response), did the trial court ever explain to appellant that a possible sentence for the crime of attempted first degree murder of a law enforcement officer was a term of imprisonment not exceeding 40 years. Appellant's sixth claim is, therefore, not conclusively refuted by the record.
Accordingly, on the record presented in this case, we must reverse and remand either for attachment of those portions of the record which conclusively refute appellant's third and sixth claims, or for an evidentiary hearing on those claims.
BOOTH and PADOVANO, JJ., concur.