779 So.2d 607 (2001)
Anthony V. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-106.
District Court of Appeal of Florida, Second District.
February 28, 2001.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
In this appeal of his convictions of resisting arrest with violence and battery, Anthony V. Lee contends that reversal is required because his trial counsel was ineffective and because the prosecutor allegedly made improper comments during closing arguments. We agree that Lee's trial counsel was ineffective with regard to his resisting arrest conviction and reverse that conviction only.
To establish a claim of ineffective assistance of counsel, both deficient performance and prejudice caused by that deficient performance must be demonstrated. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An ineffective assistance claim is cognizable on direct appeal when the ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources for the trial court to address the issue. Blanco v. Wainwright, 507 So.2d 1377, 1384 *608 (Fla.1987); Ross v. State, 726 So.2d 317 (Fla. 2d DCA 1998).
Lee was originally charged with possession of cocaine,[1] battery, and battery on a law enforcement officer. As to the latter charge, defense counsel specifically asked the trial court to instruct the jury on resisting arrest with violence as a lesser included offense. However, resisting arrest with violence is not a lesser included offense of battery on a law enforcement officer. State v. Henriquez, 485 So.2d 414 (Fla.1986). Furthermore, it is on a more severe level of the offense severity ranking chart, § 921.0012(3), Fla. Stat. (1997), which entails the assessment of more points on Lee's scoresheet. § 921.0014(1)(a). Accordingly, we reverse Lee's conviction of resisting arrest with violence and remand for a new trial on the charge of battery on a law enforcement officer.
Lee also contends that the prosecutor made several prejudicial comments during closing argument. This issue was not preserved for review because trial counsel made no objections to the subject comments. Furthermore, those comments were not so improper that counsel's failure to object constituted ineffective assistance cognizable on direct appeal. Accordingly, we affirm Lee's conviction for battery.
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and DAVIS, J., Concur.
NOTES
[1] Lee was found not guilty of the charge of possession of cocaine.