782 So.2d 510 (2001)
Edward Lynn ODOM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2007.
District Court of Appeal of Florida, First District.
April 5, 2001.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
After concluding that two of appellant's claims are facially sufficient, we reverse and remand this case for the trial court to conduct an evidentiary hearing or attach portions of the record conclusively refuting the claims that defense counsel was ineffective for failing to inform him of the voluntary intoxication defense and neglecting *511 to interview two witnesses who could have supported that defense. See Hester v. State, 732 So.2d 331 (Fla. 1st DCA 1998); Richardson v. State, 723 So.2d 910 (Fla. 1st DCA 1999).
AFFIRMED in part, REVERSED in part, and REMANDED.
BENTON and POLSTON, JJ., concur.
PADOVANO, J., concurs with opinion.
PADOVANO, J., concurring.
Although I join in the decision, I believe that the precedents upon which it is based should be re-examined.
In the present case, the defendant claims that he did not receive effective assistance of counsel in connection with his plea of guilty because his lawyer did not inform him that voluntary intoxication is a potential defense to the charge of burglary. We have held that the prejudice component of an ineffective assistance of counsel claim is satisfied in this context by an allegation that the defendant would not have entered the plea had the availability of the defense been disclosed. See O'Bryant v. State, 765 So.2d 745 (Fla. 1st DCA 2000); Thomas v. State, 734 So.2d 1138 (Fla. 1st DCA 1999); Grady v. State, 687 So.2d 931 (Fla. 1st DCA 1997). I am bound by these decisions, but I think that they misstate the applicable federal constitutional standard for asserting a claim of ineffective assistance of counsel.
A defendant who asserts a claim of ineffective assistance of counsel must show that the legal representation at issue fell below an objective standard of performance, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). The defendant's burden of establishing prejudice applies not only to an alleged error at trial, but also to an alleged error in the course of a plea hearing. As the Court explained in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), a defendant who asserts a claim of ineffective assistance of counsel in connection with a guilty plea must show that the result of the case would likely have been different.
The decision to enter a plea has an effect on the method by which the case is disposed, but it does not invariably change the ultimate outcome of the case. Some defendants will be found guilty whether they plead guilty or not. Hence, the court reasoned in Hill v. Lockhart, that an error or omission of counsel during a plea hearing is not necessarily prejudicial:
In many guilty pleas cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.
Hill v. Lockhart, 474 U.S. at 59, 106 S.Ct. 366. It is clear from this passage of the opinion that the question is not whether the defendant would have entered the plea, but whether there is a reasonable likelihood that the defendant would have prevailed on the merits of the case at trial had the plea not been entered.
*512 It follows that a defendant who was not informed of a defense like voluntary intoxication must show that the outcome of the case would likely have been different if the defense had been asserted. The Court explained in Hill that "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Id., 474 U.S. at 59, 106 S.Ct. 366. Here again, the Court has stated its view that prejudice relates not merely to the decision to enter a plea, but rather to the outcome of the case itself.
The need for a proper allegation of prejudice is particularly important if the defendant claims to have been deprived of a defense that is not often accepted. Unlike self-defense and other complete defenses like alibi and insanity, voluntary intoxication rarely offers a realistic chance of success. This point was made persuasively in Evans v. Meyer, 742 F.2d 371 (7th Cir.1984), a case cited with approval in Hill v. Lockhart.
In Evans, the defendant claimed that he would not have entered a plea of guilty had his lawyer advised him of the potential defense of voluntary intoxication. This claim was denied without an evidentiary hearing. On appeal, the court weighed the benefit the defendant received by entering the plea against the potential benefit the defendant might have received had he taken the case to trial with a voluntary intoxication defense. After identifying the many limitations of the defense of voluntary intoxication, the court concluded its decision by saying that "no lawyer in his right mind would have advised [the defendant] to go to trial with a defense of intoxication." 742 F.2d at 374. The court affirmed the summary denial of the defendant's claim on the ground that the defendant failed to allege prejudice.
It is possible that a defense lawyer might persuade a jury to exonerate a criminal defendant on the theory that the defendant made himself too intoxicated to formulate a criminal intent, but I cannot say that is reasonably probable. Most experienced criminal lawyers and judges would be hard pressed to come up with a single example of a case in which the defense of voluntary intoxication succeeded. Nevertheless, we are routinely ordering trial judges to conduct evidentiary hearings on rule 3.850 motions so that lawyers can explain why they did not advise their clients to pursue the defense of voluntary intoxication.
The standards announced in Strickland and Hill apply not only to the evidence that is required to establish an ineffective assistance of counsel claim, but also to the allegations that are necessary to obtain a hearing on the claim. In Strickland, a case originating in Florida, the trial judge denied a request for an evidentiary hearing on the defendant's rule 3.850 motion. The United States Supreme Court ultimately approved of the summary denial of the motion, because the defendant had not adequately alleged prejudice.[1] Likewise, Hill was a case in which the trial court had rejected the defendant's postconviction claim without a hearing. The Supreme Court affirmed the summary denial of the claim, because the defendant had not made a proper allegation of prejudice.
*513 If a facially sufficient allegation of prejudice can be made under the unique facts of a particular case, the defendant should be granted a hearing. However, our decisions in O'Bryant, Thomas, and Grady, effectively grant an evidentiary hearing to practically any defendant who wants one. According to these decisions, the motion is sufficient to allege prejudice if it contains a statement that the defendant was under the influence of alcohol or drugs at the time of the offense (an event that is relatively common) and a statement that the defendant would not have entered the plea. In my view, this procedure does not comport with the standard set by the United States Supreme Court in Hill.
Rule 3.850 does not mandate an evidentiary hearing merely because the defendant was not advised of every defense that is theoretically possible in a criminal case. If that were true, nearly any plea could come undone long after the case is concluded. The point of the Supreme Court's decision in Hill is that a lawyer's failure to advise a defendant of a particular defense must have some effect on the outcome of the case. Otherwise, the defendant has not shown prejudice, and it is not necessary for the court to determine whether the lawyer's failure to explain the defense was an omission falling below the reasonable standard of performance.
This analysis of the prejudice component of an ineffectiveness claim is consistent with the view expressed by our own supreme court in Oisorio v. State, 676 So.2d 1363 (Fla.1996). There the court held that an ineffectiveness claim based on an allegation that counsel interfered with the defendant's right to testify can succeed only if the defendant establishes both parts of the Strickland test. It is not enough to say that the defendant would have testified, but for the incorrect advice of counsel. To show prejudice, the defendant must also show that the testimony at issue would likely have changed the outcome of the case.
In summary, I join in the decision to reverse and remand this case for an evidentiary hearing on the defendant's postconviction motion, because I am bound by the precedents we set in O'Bryant, Thomas, and Grady. However, for the reasons I have expressed here, I believe these decisions should be overruled.
NOTES
[1] The defendant did receive an evidentiary hearing in federal court on his ineffective assistance claim, but the United States Supreme Court rejected the claim "without regard to the evidence presented at the district court hearing." Strickland, 466 U.S. at 700, 104 S.Ct. at 2071, 80 L.Ed.2d at 702.