791 So.2d 527 (2001)
Earle WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2588.
District Court of Appeal of Florida, Second District.
July 25, 2001.
*528 SALCINES, Judge.
Earle West appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. West was charged with aggravated battery and petit theft and, after a trial, was convicted of both offenses. West now asserts that counsel was ineffective. We reverse the trial court's denial of two of West's claims and affirm the remaining claims without comment.
West first asserts that counsel erred in failing to inform him of the possibility of the defense of voluntary intoxication, although he states that depositions and police reports available to counsel indicated that he was intoxicated when the offenses occurred. West states that had his counsel informed him of the availability of the defense, he would have elected to pursue it at trial, and there is a substantial likelihood that he would not have been convicted of aggravated battery.
We find that West has made a facially sufficient claim for relief. We first note that aggravated battery is a specific intent crime for which voluntary intoxication was a defense at the time of West's offense. See Huber v. State, 669 So.2d 1079 (Fla. 4th DCA 1996).[1] Thus, if West's allegations are true, and his counsel in fact failed to inform him of it, this was error. See Stanley v. State, 703 So.2d 1156 (Fla. 2d DCA 1997) (stating ineffective assistance of counsel claim supported where defendant claims he was not informed of voluntary intoxication defense and discovery materials indicated availability of defense).
In this case, we also find that West has sufficiently alleged prejudice. See Childers v. State, 782 So.2d 513 (Fla. 1st DCA 2001) (stating facially sufficient claim asserted where defendant alleged, had his counsel presented evidence of defendant's intoxication and insanity, jury would have found reasonable doubt and returned an acquittal). We therefore reverse and remand this issue to the trial court to either attach a portion of the record that conclusively refutes West's claim or hold an evidentiary hearing on this issue.
West also asserts that his counsel was ineffective based on events that occurred as a result of the trial court's dismissal of one portion of the aggravated battery charge. According to West, he was charged with committing aggravated battery under section 784.045, Florida Statutes (1997), by either intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement *529 under subsection (1)(a)(1), or by using a deadly weapon under subsection (1)(a)(2). During the trial, the judge granted the defense's motion for judgment of acquittal and dismissed the charge alleged under (1)(a)(1), great bodily harm, permanent disability or permanent disfigurement. Notwithstanding this result, West alleges his counsel allowed argument and instruction to the jury regarding the dismissed charge.
Specifically, West alleges that his counsel was ineffective in failing to object when the prosecutor argued to the jury that West was guilty of aggravated battery because the State had proven great bodily harm. He alleges this error was compounded when defense counsel also argued permanent disability and disfigurement to the jury in his closing remarks. West states counsel further erred when he not only failed to request that the trial court eliminate the instruction to the jury regarding subsection (1)(a)(1), but he agreed to have the instruction included, even though the trial court apparently gave counsel the option of having it removed.
We find that these claims satisfy the first prong of an ineffective assistance of counsel claim.[2]See generally Perry v. State, 787 So.2d 67 (Fla. 2d DCA 2001) (stating ineffective assistance of counsel claim established where counsel failed to object to prosecutor's improper closing argument); Lee v. State, 779 So.2d 607 (Fla. 2d DCA 2001) (finding that ineffective assistance of counsel claim was sufficient where counsel requested a jury instruction for an uncharged offense).
We also conclude that under the circumstances of this case, West has adequately alleged prejudice. Counsel's failure to remove the arguments and instruction regarding subsection (1)(a)(1) from the jury's consideration permitted the jury to take into account the dismissed charge in determining West's guilt. Since West alleges that only a general verdict of guilty was returned on the aggravated battery charge, we cannot be sure that the jury did not consider (1)(a)(1) and convict West of a charge which the State did not prove as a matter of law.[3] Therefore, we reverse this issue and remand it to the trial court to either attach portions of the record that refute this claim or to hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
WHATLEY, A.C.J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.
NOTES
[1] The legislature has since stricken the voluntary intoxication defense. See § 775.051, Fla. Stat. (2001).
[2] We note that if counsel's actions were part of trial strategy, this should be addressed in an evidentiary hearing. See Platt v. State, 697 So.2d 989 (Fla. 4th DCA 1997).
[3] Although West's aggravated battery conviction may have been sufficiently established by evidence adduced at trial regarding the use of a deadly weapon under section 784.045(1)(a)(2), Florida Statutes (1997), we have not been provided enough information to so determine. See Mungin v. State, 689 So.2d 1026 (Fla.1995).