ON MOTION FOR REHEARING AND REHEARING EN BANC '

ERVIN, J.
This court’s opinion, filed April 10, 2002, is withdrawn, and this revised opinion is substituted therefor. Appellant, Chuck Thompson, raises numerous issues in his appeal from the lower court’s summary denial of his motion to vacate sentence, filed pursuant to Florida Rule Criminal Procedure 3.850, alleging ineffective assistance of counsel. Because competent, substantial evidence supports the lower court’s rulings on all of appellant’s claims except that alleging trial counsel affirmatively misadvised him that voluntary intoxication is not a defense to first-degree murder, we affirm as to them. Regarding the voluntary-intoxication claim, we reverse and direct the trial court on remand to attach portions of the record that conclusively refute it, or to hold an evidentiary hearing.
Thompson was charged with first-degree murder of his girlfriend, Linda Bates. He thereafter entered a negotiated guilty plea to the lesser-ineluded offense of second-degree murder, and he was sentenced to 27 years in prison. In denying appellant’s claim that his attorney affirmatively mi-sadvised him that voluntary intoxication is not a defense to first-degree murder, the trial court ruled that Thompson’s assertion was meritless, because voluntary intoxication is a defense to first- but not second-degree murder, and he had pled guilty to second-degree murder. The trial court thereupon concluded that Thompson had not shown prejudice, because “a voluntary intoxication defense would not have prevented a jury from convicting him of second-degree murder, as he now stands convicted by virtue of his guilty plea.”
The state supports the lower court’s harmless error analysis by citing Jackson v. State, 699 So.2d 306 (Fla. 1st DCA 1997), which was a direct appeal from a conviction of second-degree murder. The defendant contended the trial court had erred in refusing to give a jury instruction on his defense of voluntary intoxication during his trial for first-degree murder. In affirming, this court noted that Jackson had been found guilty of the lesser offense of second-degree murder; consequently, the failure to give the requested instruction was at most only harmless error:
If the trial court had given the requested jury instruction on the defense of voluntary intoxication in the present case, the instruction may have influenced the jury to find that the defendant could not have formed the intent necessary to commit first degree murder. But the defendant was found not guilty of first degree murder even without the instruction. The instruction could not have legally influenced the jury’s deliberations regarding any of the lesser included offenses of first degree murder unless they too were specific' intent crimes.- Because the defendant was convicted of murder in the second degree, a lesser crime requiring only proof of general intent, the failure to give the instruction was harmless.
Id. at 308.
We cannot agree with the reasoning of either the lower court or the state. The issue before us is whether counsel’s misad-vice may have affected the volitional character of defendant’s plea by denying him *634 the right to make a reasoned decision on whether to proceed to trial on the first-degree murder charge, not whether voluntary intoxication is a defense to the reduced offense of second-degree murder. Manslaughter is a Category 1 lesser-included offense of firsi>degree murder. If Thompson could persuade a jury that he was intoxicated at the time he killed the victim, he could conceivably be convicted of manslaughter, a second-degree felony punishable by up to 15 years in prison, which is significantly less than the 27 year sentence he received as a result of his negotiated plea of guilty to second-degree murder, which is a first-degree felony punishable by life.
There is no more assurance that the defendant would have been found guilty as charged, or of any one of the lesser offenses if he had been correctly advised of a potential defense to the charged offense. In any event, speculation as to a specific offense the jury may find the defendant guilty of if he had elected to proceed to trial does not render his claim of misadvice non-prejudicial. In contrast, the issue of prejudice in Jackson is altogether different, because the stated prejudicial error was the trial court’s refusal to give the jury a requested instruction, and the defendant was subsequently convicted of an offense to which the instruction was inapplicable.
Thompson sufficiently alleged all that was required of him for an ineffectiveness-of-counsel claim. He asserted and attached deposition testimony taken from witnesses before trial which should have placed his lawyer on notice that the defendant was intoxicated shortly before the commission of the crime. Compare West v. State, 791 So.2d 527 (Fla. 2d DCA 2001). He also alleged that he would have gone to trial absent counsel’s erroneous advice.
In O’Bryant v. State, 765 So.2d 745 (Fla. 1st DCA 2000), this court commented:
This court has held that a defendant sufficiently pleads the deficient performance aspect of an ineffective assistance of counsel claim based on defense counsel’s failure to identify and pursue a voluntary intoxication defense if the defendant alleges that he either informed his attorney that he was intoxicated at the time of the offense or told his attorney that he had a history of substance abuse, which, with record evidence of his intoxication at the time of the offense, should have alerted his counsel to the possibility of such a defense. In the context of a plea case, a defendant sufficiently pleads the prejudice component of such an ineffective assistance of counsel claim if he alleges that he would not have pled but for defense counsel’s ineffectiveness regarding the voluntary intoxication defense.
Id. at 746 (citations omitted).
In the instant case, appellant’s motion to vacate satisfied both the deficiency and prejudice prongs of an ineffectiveness-of-counsel claim, as established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and pertinent case law of this court. The fact that the offense to which he pled, second-degree murder, is, unlike the charged offense of first-degree murder, a general intent crime to which the voluntary intoxification defense is inapplicable, does not render his ineffectiveness claim non-prejudicial.
The state’s motion for rehearing and rehearing en banc is denied, and the lower court’s summary denial of Thompson’s post-conviction motion is
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
*635 BARFIELD, J., concurs. BENTON, J., concurs in part and dissents in part with opinion.