SALCINES, Judge.
Greomar Duprey appeals the denial of his motion for postconviction relief in which he asserted that trial counsel was ineffective because he did not fully advise Duprey about possible defenses and he failed to investigate those defenses. Du-prey claims that his guilty plea was entered without a full understanding of the consequences of the plea and the nature of the offense. We affirm in part and reverse in part.
Duprey was charged with first-degree premeditated murder in the stabbing death of a man. Upon the advice of counsel, Duprey entered a plea of guilty to the lesser charge of second-degree murder for a negotiated sentence of twenty-five years’ imprisonment.
Duprey then filed a motion for postcon-viction relief raising two grounds of error. Duprey first alleged that trial counsel was ineffective for failing to conduct further inquiry into the defense of voluntary intoxication. In his motion, Duprey asserted that he was not apprised that in order for the State to prove first-degree murder, it must be proven that he had the necessary intent of premeditation. Duprey stated that he informed counsel that on the night of the incident he had been intoxicated through the use of alcohol and marijuana. Further, it was alleged that discovery depositions taken by defense counsel supported the fact that Duprey had been drinking that day and that it appeared that he was under the influence of intoxicants at the time of the incident. Duprey alleged that counsel’s “action and/or omission” rendered his plea involuntary because counsel informed him that there was “no defense” available. Duprey stated that had counsel fully explained the voluntary intoxication defense, he would have insisted on proceeding to trial.
The court summarily denied this first ground of error. In the order, the court recognized that voluntary intoxication was a valid defense to a specific intent crime. The order also acknowledged that a facially sufficient postconviction claim would be presented if a defendant had asserted that counsel failed to investigate the defense of voluntary intoxication to a specific intent crime. The court noted that first-degree murder was a specific intent crime and that second-degree murder was a general intent crime.
In summarily denying this ground, the court reasoned that while Duprey was charged with first-degree murder, he pleaded to and was convicted of a lesser included offense of second-degree murder, a crime requiring only proof of general intent. The court concluded, “Since Defendant was exonerated for a specific intent crime without the benefit of a defense of voluntary intoxication, the alleged error is not prejudicial. As such, Defendant fails to meet the second prong of the Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] test and no relief is warranted on this ground.”
The court’s reasoning for summarily denying postconviction relief on this ground was incorrect. The focus was improperly centered on the unavailability of the defense of intoxication for the second-degree murder charge to which Duprey entered the plea. Instead, the court should have examined the possible prejudice to Duprey from defense counsel’s alleged lack of advice and preparation.
The First District was faced with a similar situation in Thompson v. State, 818 So.2d 632 (Fla. 1st DCA 2002). In *258 Thompson, the defendant was told that voluntary intoxication was not a defense to first-degree murder. This was affirmative misadviee, which was an error not involved in the present case. The First District’s analysis is instructive, however, because the appellate court held that allegations in the motion for postconviction relief relating to the voluntary intoxication defense stated a facially sufficient claim. The First District noted:
The issue before us is whether counsel’s misadviee may have affected the volitional character of defendant’s plea by denying him the right to make a reasoned decision on whether to proceed to trial on the first-degree murder charge, not whether voluntary intoxication is a defense to the reduced offense of second-degree murder. Manslaughter is a Category 1 lesser-included offense of first-degree murder. If Thompson could persuade a jury that he was intoxicated at the time he killed the victim, he could conceivably be convicted of manslaughter, a second-degree felony punishable by up to 15 years in prison, which is significantly less than the 27 year sentence he received as a result of his negotiated plea of guilty to second-degree murder, which is a first-degree felony punishable by life.
There is no more assurance that the defendant would have been found guilty as charged, or of any one of the lesser offenses if he had been correctly advised of a potential defense to the charged offense. In any event, speculation as to a specific offense the jury may find the defendant guilty of if he had elected to proceed to trial does not render his claim of misadviee non-prejudicial.
Thompson sufficiently alleged all that was required of him for an ineffectiveness-of-counsel [sic] claim. He asserted and attached deposition testimony taken from witnesses before trial which should have placed his lawyer on notice that the defendant was intoxicated shortly before the commission of the crime. Compare West v. State, 791 So.2d 527 (Fla. 2d DCA 2001). He also alleged that he would have gone to trial absent counsel’s erroneous advice.
The fact that the offense to which he pled, second-degree murder, is, unlike the charged offense of first-degree murder, a general intent crime to which the voluntary intoxification [sic] defense is inapplicable, does not render his ineffectiveness claim non-prejudicial.
Id. at 633-34.
Although Thompson is distinguishable on its facts, we are persuaded by the reasoning of the Thompson panel to hold that the court in the present case erred when it summarily denied the first ground of error. Because Duprey presented a facially sufficient motion, the summary denial of ground one is reversed and this matter is remanded for the court to conduct an evi-dentiary hearing.
The second ground of error asserted that trial counsel was ineffective for failing to advise Duprey of the defense of self-defense. After an evidentiary hearing, the court denied this ground of error. It found that the decision not to pursue the defense was a strategic decision on the part of trial counsel. We are in agreement with the court’s determination. Thus, the denial of relief on ground two is affirmed.
Affirmed in part, reversed in part, and remanded for an evidentiary hearing in accordance with the dictates of this opinion.
WHATLEY and STRINGER, JJ., Concur.