903 So.2d 388 (2005)
Ramon PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4695.
District Court of Appeal of Florida, Second District.
June 22, 2005.
Jeffrey R. Shelquist of The Law Office of Jeffrey R. Shelquist, P.A., and David A. Perrott of Kimsey Law Group, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Ramon Parker appeals the trial court's denial of his motion for postconviction relief that raised four counts of ineffective assistance of counsel. After an evidentiary hearing, the trial court determined that Mr. Parker had failed to establish the type of deficient conduct on the part of his trial counsel that would satisfy the first prong of the Strickland[1] test. Because the trial court did not find any deficient conduct, the trial court did not evaluate whether Mr. Parker was prejudiced by his trial counsel's performance. We conclude that counsel's representation was deficient as to one allegation of ineffective assistance. We reverse and remand for a further evidentiary hearing to determine the question of prejudice.
*389 Mr. Parker was convicted of one count of sexual battery on a child under the age of twelve and three counts of committing a lewd and lascivious act on a child. The alleged victims are the grandchildren of Mr. Parker's fiancée. The children, who at the time of the trial were between the ages of eight and twelve, alleged that Mr. Parker committed these acts against them on various occasions between 1997 and 2000 while they visited their grandmother's home.
The State's case was based solely on the testimony of the children. There were no other witnesses or any physical evidence supporting the children's accusations. Mr. Parker's entire defense was that the children were lying and had fabricated the accusations against him. He claimed that the children's parents were upset because his fiancée intended to make him the beneficiary of her estate. He theorized that the parents had convinced the children to fabricate these reports.
Prior to trial, the parties knew that at least two of these children had made prior, and possibly false, allegations of sexual abuse against other individuals. As a result, five days before the trial commenced, the State filed a motion in limine requesting the court to exclude any testimony or evidence regarding any previous allegations of abuse made by any of the alleged victims. The trial court conducted a hearing on the motion in limine and granted the motion. The transcript of that hearing demonstrates that, although Mr. Parker was charged with a capital offense, his counsel was entirely unprepared for this important hearing.
Mr. Parker's attorney did not know even the basic facts surrounding the earlier reports and was unprepared to cite any case law in support of Mr. Parker. In particular, Mr. Parker's trial counsel was unfamiliar with and did not cite this court's leading case, Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988), wherein we held that a defendant facing similar allegations was entitled to impeach a child witness with evidence that she had previously charged her father with sexual assault and later admitted the falsity of the charge. In so holding, this court said that this type of impeachment was particularly relevant "in the case of allegations of sexual abuse where there is no independent evidence of the abuse and the defendant's sole defense is either fabrication or mistake on the part of the alleged victims." Jaggers, 536 So.2d at 327.
Because Mr. Parker's attorney was unprepared, the motion in limine was granted. Mr. Parker's attorney testified at the postconviction hearing, but there is no evidence or argument that this lack of preparation was, in any way, a tactical decision. After a review of the record, we conclude that there is no question of fact concerning this issue, and the trial court erred as a matter of law. Trial counsel's handling of the motion in limine was deficient. Even a minimal presentation of the facts and applicable law would have defeated the motion in limine and have permitted significant impeachment testimony.
To establish a claim of ineffective assistance of counsel, however, a defendant must show both deficient performance by his trial counsel and prejudice caused by that deficient performance. Strickland, 466 U.S. at 692, 104 S.Ct. 2052; Lee v. State, 779 So.2d 607 (Fla. 2d DCA 2001). The trial court did not decide the issue of prejudice. In light of the trial court's ruling on the first prong, this issue was not fully explored in the trial court, and we cannot resolve it on appeal. On remand, we conclude that the trial court should permit both sides to present additional evidence as needed to resolve this remaining issue. Accordingly, we reverse the *390 order on appeal and remand for an additional evidentiary hearing.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).