[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 31, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-10919
Non-Argument Calendar

_____

D. C. Docket No. 03-62134-CV-AJ

ROBERT M. BOEHM,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James V. Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 31, 2005)**

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Boehm, a Florida prisoner proceeding pro se, appeals the district court's denial of his petition for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254.[1]  For the following reasons, we affirm.

I.

Boehm was charged by information with burglary and grand theft.  Before the trial, Boehm's counsel filed a motion in limine to exclude the introduction of any evidence of similar crimes and to prevent witnesses from testifying that Boehm was on drugs.  The trial court granted the motion.  The evidence at trial included the following.  There was evidence that Boehm and codefendant David Stevens drove to the victim's apartment and used a key in Boehm's possession to enter the apartment.  After the theft, Boehm and Stevens sold some of the stolen items and then returned to Boehm's motel, where they were found by police.  Boehm told Stevens to run, but the two men were caught and arrested.  The police conducted a pat-down search of Boehm, and found jewelry taken from the victim's apartment.  When questioned, Boehm did not appear intoxicated, and he admitted that he was in possession of a key to the apartment.  The jury found Boehm guilty of burglary of a dwelling and grand theft.  He was sentenced as a habitual offender to thirty

---

[1] Boehm filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and therefore, the provisions of that act govern this appeal.

years for the burglary and ten years for the grand theft, to run concurrently. Boehm's conviction was affirmed on direct appeal. Boehm v. Florida, 747 So.2d 945 (Fla. Dist. Ct. App. 1999).

Boehm filed several motions in state court for post-conviction relief pursuant to Fla.R.Crim.P. ("Rule") 3.850, raising inter alia, ineffective assistance of counsel on the basis that his attorney did not raise voluntary intoxication as a defense at trial. Boehm's motions were denied by the trial court and an appeals court. After exhausting his state administrative remedies on the issue of ineffective assistance of counsel, Boehm filed the instant § 2254 habeas petition in federal court.

The magistrate judge issued a recommendation to deny relief, finding that Boehm's conclusory statements that counsel knew Boehm was high on drugs were insufficient to show that Boehm was unable to form the intent necessary to commit the crimes. The magistrate judge further noted that Boehm's assertion that he was intoxicated to the point that he was unable to form the necessary intent to commit the offense was further undercut by the fact that he entered the apartment with a key that he had acquired prior to the burglary.

Over Boehm's objections, the district court adopted the magistrate judge's recommendation, adding that the court would not consider additional facts that

3

Boehm had failed to allege in his state post-conviction motions. Boehm requested

a certificate of appealability, which the district court granted solely on the issue of

whether trial counsel rendered ineffective assistance of counsel in not informing

Boehm of, and not presenting, an intoxication defense.

## II.

Boehm argues that he was prejudiced by trial counsel's failure to present a

voluntary intoxication defense.[2] Boehm maintains that had counsel presented the

defense, the outcome of the trial would have been different.

We review a district court's denial of a habeas petition de novo. Nelson v.

Schofeld, 371 F.3d 768, 769 (11th Cir. 2004). We have further noted that "our

review is greatly circumscribed and is highly deferential to the state courts"

pursuant to § 2254 of the AEDPA. Crawford v. Head, 311 F.3d 1288, 1295 (11th

Cir. 2002). As amended by the AEDPA, 28 U.S.C. § 2254 states:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim–(1) resulted in
> a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or (2) resulted in a decision that
> was based on an unreasonable determination of the facts in light of the

---

[2] Boehm argues in his reply brief that he was entitled to an evidentiary hearing. Because he raises this issue for the first time in his reply brief, we need not address it. Herring v. Sec'y Dep't of Corrs., 397 F.3d 1338, 1342 (11th Cir. 2005).

4

evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has explained the requirements in § 2254 as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

To prevail on a claim of ineffective assistance of counsel, Boehm must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). To satisfy the deficient performance prong, the petitioner has the burden to prove that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687. There is a strong presumption that counsel's performance was reasonable and adequate, with great deference being shown to choices dictated by reasonable strategy. Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). To

5

satisfy the prejudice prong, Boehm must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 446 U.S. at 694.

If we are convinced that the prejudice prong cannot be satisfied, we may decline to address whether counsel's performance was objectively unreasonable. Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995). We utilize this approach here, because we are convinced that Boehm is unable to show prejudice.[3] Under Florida law, to prevail in using the voluntary intoxication defense, "the defendant must come forward with evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged." Linehan v. State, 476 So.2d 1262, 1264 (Fla. 1985).[4] Generally, juries are not persuaded by an intoxication defense. See Odom v. Florida, 782 So.2d 510, 512 (Fla. Dist. Ct. App. 2002) (citing Evans v. Meyer, 742 F.2d 371 (7th Cir. 1984)) (Padovano, J., concurring).

---

[3] Although we need not reach the performance prong, we note that there is evidence in the record that not raising the voluntary intoxication defense was a matter of counsel's trial strategy. In particular, a key defense at trial was that Boehm did not participate in the burglary, but was merely assisting Stevens in selling the property. Thus, a defense of voluntary intoxication would have been inconsistent with the defense of non-participation.

[4] At the time of Boehm's offense, voluntary intoxication was available as a defense under Florida law to specific intent crimes such as burglary. See Straightwell v. Florida, 834 So.2d 918, 920 (Fla. Dist. Ct. App. 2003). As of October 1, 1999, Florida law was changed to eliminate the defense of voluntary intoxication. See Fla. Stat. Ann. § 775.051; Lewis v. Florida, 817 So.2d 933 (Fla. Dist. Ct. App. 2002).

Here, the evidence at trial was inconsistent with the use of the voluntary intoxication defense. In particular, there was testimony that Boehm did not appear intoxicated at the time of his arrest. Boehm fails to demonstrate a reasonable probability that the outcome of his trial would have been different if counsel had presented the voluntary intoxication defense. For the foregoing reasons, we hold that Boehm cannot show that he received ineffective assistance of counsel, and we AFFIRM the denial of habeas relief.

AFFIRMED.