993 So.2d 987 (2007)
Ramon Lawrence PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2103.
District Court of Appeal of Florida, Second District.
October 10, 2007.
*988 Jeffrey R. Shelquist of The Law Office of Jeffrey R. Shelquist, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Ramon Parker challenges the postconviction court's order after remand denying his Florida Rule of Criminal Procedure 3.850 motion to vacate and set aside his convictions and sentences for one count of sexual battery on a child under the age of twelve and three counts of committing a lewd and lascivious act on a child. We reverse and remand for further proceedings.
The charges for which Parker was convicted resulted from allegations made against him by the grandchildren of his then-fiancée, Jimmie Sports-Parker. Prior to trial, the State moved in limine to exclude evidence that two of the three child victims had previously made allegations of sexual molestation against Parker and/or other individuals and then recanted those statements. The trial court granted the motion, and Parker was convicted, primarily on the testimony of the child victims.
Parker challenged the conviction by filing a rule 3.850 motion alleging that his trial counsel was ineffective for failing to present testimony and argument at the motion in limine proceeding. In reviewing the postconviction court's denial of this motion, this court determined that Parker's trial counsel's handling of this motion in limine amounted to deficient performance under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Parker v. State, 903 So.2d 388 (Fla. 2d DCA 2005). Specifically, this court stated:
The transcript of that hearing demonstrates that, although Mr. Parker was charged with a capital offense, his counsel was entirely unprepared for this important hearing.
Mr. Parker's attorney did not know even the basic facts surrounding the earlier reports and was unprepared to cite any case law in support of Mr. Parker. In particular, Mr. Parker's trial counsel was unfamiliar with and did not cite this court's leading case, Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988)....

*989 Because Mr. Parker's attorney was unprepared, the motion in limine was granted.
Id. at 389. However, we also noted in that opinion that "[b]ecause the trial court did not find any deficient conduct, the trial court did not evaluate whether Mr. Parker was prejudiced by his trial counsel's performance." Id. at 388. Consequently, we remanded for the trial court to hold an additional evidentiary hearing to determine if Parker was prejudiced by trial counsel's deficient performance. Id. at 389-90.
At that hearing, Parker's counsel attempted to call witnesses that would have testified as to what they knew about the prior accusations and recantations. The postconviction court refused the request, ruling that the testimony was irrelevant to the issue of prejudice. However, the postconviction court then denied Parker's motion, concluding that he had failed to establish that he had been prejudiced by his counsel's deficient performance. The postconviction court reasoned that even if the motion in limine had been denied, any testimony regarding the prior accusations would have been inadmissible hearsay. This conclusion was erroneous because the postconviction court, having never heard the testimony at issue, could not possibly make a determination as to its admissibility.
We therefore conclude that it was error to prevent Parker from presenting at the hearing on remand witness testimony regarding the child victims' prior accusations and recantations. In our previous opinion, this court already pointed out that pursuant to Jaggers, 536 So.2d 321, a defendant facing sexual abuse allegations is entitled to impeach a child witness with evidence that he or she had previously made accusations of sexual abuse and later admitted that they were false. Parker, 903 So.2d at 389. We conclude that had Parker established at the hearing on remand that evidence of the accusations and recantations could have properly been presented to the jury, he would have established Strickland prejudice.[1] As Parker argued in his rule 3.850 motion, because there was no physical evidence presented at trial and the only evidence against Parker was the testimony of the child victims, had the victims' credibility been impeached, there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Accordingly, it was error for the postconviction court to conclude that the testimony of first-hand knowledge that previous accusations had been made and later recanted was irrelevant to the issue of prejudice.
We reverse the postconviction court's order denying Parker's rule 3.850 motion and remand for another evidentiary hearing at which Parker should be allowed to present admissible evidenceif he can that had trial counsel effectively defended the State's motion in limine, he would have *990 been able to properly impeach two of the victims with evidence that they had previously made and recanted similar accusations.
Reversed and remanded.
FULMER and WALLACE, JJ., Concur.
NOTES
[1] We reject Parker's argument that this court's statement in Parker, 903 So.2d at 389, that "[e]ven a minimal presentation of the facts and applicable law would have defeated the motion in limine and have permitted significant impeachment testimony" amounts to a determination that the testimony at issue was admissible. The state of the record before this courtthen and nowmakes clear that this court did not intend to determine whether testimony regarding the victims' previous allegations and recantations was or was not admissible. We come to this conclusion primarily because the specific testimony by which the allegations and recantations were to be introduced was never proffered during the hearing on the motion in limine and as such was notand is nota part of the appellate record.